(11 Misc. Rep. 159.)

### SOLDIERS' ORPHANS' HOME OF ST. LOUIS v. SAGE et al.

(Supreme Court, Special Term, New York County.    January, 1895.)

PLEADING—DEMURRER—DESIGNATING DEFENDANT IN SUMMONS.

 A complaint which states a cause of action against defendant in a representative capacity is not demurrable because he is designated individually in the summons.

Action by the Soldiers' Orphans' Home of St. Louis against Russell Sage and George J. Gould, individually, and Edwin Gould, George J. Gould, Howard Gould, and Helen M. Gould, as executors of the will of Jay Gould, deceased, to compel restitution of trust property, and for the removal of the trustees.    Defendant George J. Gould demurs to the complaint.    Overruled.

W. H. Delancey, L. J. Morrison, and Charles P. Daly, for plaintiff. Edward C. James, for defendant George J. Gould.

BEEKMAN, J.    The complaint charges that Jay Gould and Russell Sage have misappropriated 30,000 shares of the Denver Pacific Railway & Telegraph Company conveyed to them in trust by the Kansas Pacific Railway Company as collateral security for the payment of certain bonds known as "Kansas Pacific Consolidated Bonds."    The conveyance was by deed of trust made by the Kansas Pacific Railway Company to Jay Gould and Russell Sage, as trustees, on May 1, 1879.    The complaint contains a very full specification of the manner in which the alleged breach of trust was accomplished, but which it is unnecessary to set out for the purpose of deciding the only question raised by the demurrer.    The action is brought by the plaintiff, as owner of a portion of the consolidated bonds, on its own behalf and on behalf of other holders of such bonds, to compel restitution to the trust estate of the value of the converted securities, and for the removal of the trustees.    The parties defendant are Russell Sage and George J. Gould individually, and Edwin Gould, George J. Gould, Howard Gould, and Helen M. Gould as executors and executrix of the last will of Jay Gould, deceased.    It appears from the complaint that Jay Gould died subsequent to the acts complained of, and the defendant executors are charged as his legal representatives, under appropriate allegations. The defendant George J. Gould was substituted as trustee under

the deed of trust above mentioned upon the decease of Jay Gould, and was therefore made a defendant by a separate and further designation in the summons, for two reasons appearing on the face of the complaint: First, because, being such trustee, he had refused ,to take any action to recover for the benefit of the trust the proceeds of the misappropriation; and, second, because he was dis-qualified to act as trustee by reason of personal interests adverse to the trust. The relief asked for in the complaint is:

"That the defendants may be decreed to account for the proceeds of the trust stock taken from the trust, and for all premiums, dividends, interest, and profits for which they are legally accountable; that the defendants Russell Sage and George J. Gould may be removed from the trusteeship of the consolidated mortgage of the Kansas Pacific Railway Company; that the defendants may be enjoined from interfering with any of the trust prop-erty conveyed by the consolidated mortgage or belonging to the bondholders thereunder, and that a receiver be appointed of such property; and that the plaintiff may have such other or further relief as the circumstances of the case may require and to this honorable court may seem just."

The defendant George J. Gould now demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action against him individually. The point of the demur-rer is best illustrated by the statement that if the words "as trus-tee, &c.," had been added to his name in the summons the demurrer would not have been interposed. As is stated by his counsel in the brief submitted, "It is because the plaintiff has not made him a party as a trustee, but individually, and has failed to state a cause of action against him individually, that Mr. Gould demurs. He is entitled at the outset to know in exactly what capacity the plaintiff sues him." The point which is thus raised is a highly technical one, and does not commend itself to the court as deserving more recogni-tion than the strict letter of the law may demand. There can be no doubt that in such an action as this the trustees are necessary par-ties. It is also plain upon the face of the complaint that George J. Gould has been charged as such by appropriate allegations. It is also evident that the pleader has not in fact or in intent charged or sought to charge him in respect to any matters of individual con-cern, or that any recovery could be had against him other than his exclusion from any further administration of the trust. The ca-pacity, then, in which he is sued, appears upon the face of the com-plaint to be a representative one. He is impleaded as trustee, and, cannot be held to any responsibility in the action except in that re-lation. But he claims that while this may be true he has not been described in the summons or in the caption of the complaint "as trustee," but that, on the contrary, the word "individually" follows his name in both places; that he has therefore been brought into the action only for the purpose of charging him in a personal, and not in a representative, capacity, and that, finding the complaint to be one affecting him only in the latter respect, there is no cause of action against him in reference to which he can be considered a party to the suit. I do not think this position to be a tenable one. In the first place, a demurrer does not run to the summons or to the caption of the complaint. It is confined to the allegations of the

complaint.   We may look to the summons in considering the ques-
tion of the capacity in which the parties are sued, but it is not con-
trolling, and where the allegations of the complaint clearly charge
the.defendant in one capacity, and in that capacity only, the com-
plaint should control and override any contradictory description in
the summons.   The object of the summons is to bring the individ-
ual into court, where, in contemplation of law, he remains, to be
dealt with upon a determination of the issues raised by whatever
pleadings may be interposed, and in respect to whatever matters
the plaintiff may tender an issue.   The summons itself refers to the
complaint as the reason for its own existence, and notifies the de-
fendant that it is in respect to that he has been made a party, and
that it is to that he is expected to plead.   The avowed object of the
Codes of Practice which have existed in this state for nearly 50
years has been to free the administration of justice from technicali-
ties which impeded the speedy decision of causes upon their merits.
Prior to the adoption of the Code of Civil Procedure, the summons
existed in two forms,—one for use where the cause of action was
for a money demand on contract, and the other where different re-
lief was sought.   But the present Code has abolished these distinc-
tions, and a single form of summons only is permissible, more in
harmony with its true function of simply bringing the parties into
court.   When this is done, the purpose for which it exists has been
fully accomplished.   The complaint then becomes the subject of
scrutiny, and accordingly as the issue it tenders relates to matters
concerning the defendant in a representative capacity or individual-
ly is he to be regarded as having been sued in one capacity or the
other.   This, I think, is fairly to be deduced from the cases; at
least I do not think it can be claimed that as a whole they are incon-
sistent with such a conclusion.   Beers v. Shannon, 73 N. Y. 292;
Stilwell v. Carpenter, 62 N. Y. 639, fully reported in 2 Abb. N. C.
238.   In both of these cases Judge Folger writes the opinion.   The
case of Beers v. Shannon was an action by an executor on a bond
made to his testator.   The words following the plaintiff's name in
the summons were "executor, &c.," not "as executor, &c."   In his
opinion the learned judge says (page 297):

"The first point made by the defendant is this: that the action is not
brought by the plaintiff in a character representative of the deceased obligee.
This is based mainly upon the omission of the word 'as' between the name
of the plaintiff John L. Beers and the description of him, 'executor of, &c.,
of John Beers, deceased,' in the title of the summons and in the body of
the summons, and in the title to the complaint. It is true that without that
word in that position it has been sometimes held that the addition to the
name of the party is but a descriptio personae, and does not give to him
other than a personal or individual character in the action. But it has been
held, on the other hand, that, though there be naught in the title of the
process or the complaint to give a representative character to the plaintiff,
the frame and averments and scope of the complaint may be such as to
affix to him such character and standing in the litigation. Stilwell v. Car-
penter, 62 N. Y. 639, reported in full 2 Abb. N. C. 238. In the case in hand
the averments of the complaint are such that the defendant had full notice
of the questions to be tried; that there was a definite issue presented for
trial; that the judgment might show what was determined by it; and that
any other question dependent upon the character in which the plaintiff sued

could be readily presented. It was plain from the complaint that the cause of action, if any, devolved upon plaintiff, as a representative of the deceased obligee, by the creation of a representative relation by the will."

I do not think that the fact that the question arose in reference to a plaintiff who was supporting the status which he claimed to have assumed when he voluntarily came into court affords any substantial ground for distinguishing this case on principle. The decision really seems to rest upon the proposition that the allegations of the complaint are paramount in determining the relation, whether personal or representative, in which the parties stand to the action, and that the test of the capacity in which a party sues or is sued is to be found in the complaint. The learned counsel for the defendant claims that the present case is controlled by Austin v. Monro, 47 N. Y. 360, and he rests the strength of his position upon that case as a precedent. The case in question was an action brought in terms against the defendants as executors; the complaint set up a contract with them as such, and the prayer for relief was a recovery from the assets of the estate. The whole purpose and intent of the pleader was to charge the defendants in their representative capacity only. The defendants demurred, and the demurrer was sustained, it being evident that, whatever claim the plaintiff might have against the defendants individually, he had none against the estate they represented. It was argued in support of the complaint that, at least, it presented a cause of action against the defendants individually, and should therefore be upheld. In sustaining the demurrer the court says:

"The form of the complaint and the substantive averments therein, as well as the form of the judgment demanded, characterize the action as against the defendants in their representative capacity, and not against them individually."

It is true that the court also refers to the use of the words "as executors, &c.," which followed the names of the defendants in the title of the action, as also indicating the character in which they were sued, but the context of the opinion shows that the complaint itself was considered to be the substantial test in the solution of the question, and I am therefore led to consider this case rather as supporting than as in conflict with the general principle which I have already stated. The complaint in the case at bar is not one having a double aspect. It presents and suggests only one cause of action in respect to the defendant George J. Gould,—a cause of action which can exist only against him in his representative capacity as trustee. Whatever judgment may ultimately be rendered in the action will be one either in his favor or against him in relation only to the trust estate. In other words, the judgment so rendered will have precisely the same effect as if the words "as trustee" had followed his name in the summons and title of the complaint. The case of Landon v. Townsend, 112 N. Y. 93, 19 N. E. 424, which has been referred to by counsel, does not affect the question under consideration. The circumstances of the case were peculiar, and the court also calls attention to the fact that neither the complaint nor the summons made any reference to the official character of the defendant. In

conclusion, I do not wish to be understood as commending the method which the plaintiff has adopted in characterizing this defendant in the summons. The proper practice is to designate a defendant sued in a representative capacity by his title as such, but the failure to do this does not of itself lay the complaint open to attack on demurrer. I am of the opinion that the objection to the complaint in this case is not well taken.

The demurrer is overruled, with costs, with leave to the defendant to answer within 20 days, on payment of costs.