92 567
11ap615

CHARLES A. BIRD, in his own Behalf and in Behalf of all Others Similarily Situated, etc., Respondent, *v.* ERWIN H. LANPHEAR and EARL M. LANPHEAR, Appellants, Impleaded with ARTHUR C. TADDER.

*Equity — members of several syndicates — induced by misrepresentations to purchase lands — remedy against the promoter fraudulently receiving commissions on the sale — receiver, when and of what appointed.*

In an action brought in equity by the plaintiff, in his own behalf and that of all others similarly situated, it appeared that Erwin H. Lanphear, the father of Earl M. Lanphear, formed, for the purchase of three several blocks of land, three several syndicates, which were not all composed of the same persons; that it was represented to them that they were all to go into the speculation upon the same footing; that in this belief they made certain cash payments, and that the property was deeded in trust for the owners to Erwin H. Lanphear and Arthur C. Tadder, who was associated with him in the matter in trust for the owners; that the representation was false; that upon receiving the deed of one block the grantees had given back to the grantor a purchase-money mortgage; that this mortgage was assigned to Earl M. Lanphear for commissions of his father, which, as the associates subsequently discovered, were to amount to a large sum, and were to be paid by the original owners of the property to Erwin H. Lanphear as compensation to him for making the sale; that the stockholders made payments to Erwin H. Lanphear, supposing that they were to be applied upon the purchase price of the lands, but that Erwin H. Lanphear paid a considerable part of these moneys to his son in part payment of the mortgage which had been assigned to him by the original grantors. The complaint charged false representations, in that the father was to receive these large commissions, and it also charged that the son held this mortgage for the use and benefit of his father.

*Held,* that the plaintiff, and those similarly situated, could maintain an action to compel the payment to the association by the defendants of the commissions earned by Erwin H. Lanphear, and to have it declared that the mortgage in question was held in trust by Earl M. Lanphear for the benefit of the associates;

That it was proper to appoint a receiver, pending the action, to receive the moneys which had been paid the defendants, or any of them, by the original owners as commissions for selling that property;

That although Erwin H. Lanphear appeared to be responsible, it was proper to appoint a receiver, as it was shown that much of his property was out of this State, and that he was trying to dispose of the property which he had within the State.

APPEAL by the defendants, Erwin H. Lanphear and another, from an order of the Supreme Court, made at the Monroe Special

Term and entered in the office of the clerk of the county of Steuben on the 3d day of June, 1895, appointing a receiver during the pendency of the action.

*DeMerville Page*, for the appellant Erwin H. Lanphear.

*Edward L. Jellinek*, for the appellant Earl M. Lanphear.

*Frederick Collin*, for the respondent.

LEWIS, J. :

The defendant Erwin H. Lanphear, in the early part of the year 1891, through the agents of the owners, obtained options for the purchase of three blocks of land in a tract in the town of Tonawanda, near Buffalo, known as the Englewood tract. Said blocks were known and distinguished as blocks 7, 8 and 16 of said tract.

Lanphear resided at the time in the city of Hornellsville. He secured these options with the intention of inducing others to join with him in purchasing these blocks, and to accomplish his purpose he interviewed a large number of his neighbors and acquaintances residing in and around Hornellsville, and informed them about the options which he had secured. With a view to inducing them to join him in making the purchase, he represented to the plaintiff and others that land in this Englewood tract, including the blocks mentioned, was rapidly increasing in value, and that there was no reasonable doubt but that, at the prices for which they could be purchased, there was a fine opportunity to make money by investing in the property. He stated that he was required to pay $15,000 for block 7, the same amount for block 8, and $14,000 for block 16 ; that he was willing to and would allow the plaintiff, and any others who wished to join him in making the purchase, to come into the deal on equal terms with himself. He stated further, that no one was to receive any commissions for selling the lots.

Relying upon these representations and believing them to be true, the plaintiff and a large number of others joined the defendant Erwin H. Lanphear in forming three different syndicates to purchase the property. Fifteen persons, including the plaintiff and the defendants Tadder and Erwin H. Lanphear, entered into a written agreement with the owners to purchase block No. 8 for the sum

of $15,000. The plaintiff, with the two defendants mentioned, together with nine others, entered into a written contract with the owners to purchase block 16 for the sum of $14,000. Some of those who composed the syndicates for the purchase of blocks 8 and 16 joined with the defendants Erwin H. and Earl M. Lanphear, and entered into a contract with the owners to purchase block No. 7 for $15,000. The plaintiff was not a member of the last-named syndicate. The members of the different syndicates, with the exception of the defendants, advanced money to make the down payments upon said purchases, amounting to the sum of $3,000 for each block, and by the terms of the various contracts the purchasers agreed to pay, and did pay, $150 a month upon each block of land until the sums required to be paid as a condition to the giving of the deeds were paid, when deeds were given. By arrangement between the stockholders, the conveyances ran to the defendants Erwin H. Lanphear and Arthur C. Tadder, in trust for the owners.

After having made these various payments, it came to the knowledge of the plaintiff and others who had taken shares in the purchases, that the statements and representations of the defendant Erwin H. Lanphear, made to induce them to join in the purchase, were false; that, instead of their having been permitted to join him upon equal terms in making the purchases, the owners of the property, through their agents, had agreed to pay him commissions for making the sale, amounting to some twenty per cent of the contract price, which amounted in all to from $10,000 to $12,000, and that a part of these commissions had been paid to him in money; that upon receiving the deed of block 16, the defendants Erwin H. Lanphear and Tadder had given to the grantor a purchase-money mortgage for $9,500, and that thereafter the mortgagee assigned said mortgage to the defendant Earl M. Lanphear in payment of the balance of the commissions agreed to be paid to Erwin H. Lanphear. The plaintiff and other shareholders continued to make payments after the conveyances were executed, to Erwin H. Lanphear with the expectation and understanding that he was to apply the money towards the payment of the unpaid purchase price of the land. Erwin H. Lanphear paid a considerable portion thereof to the defendant Earl M. Lanphear in part payment of the mortgage thus assigned to him.

It was charged in the moving papers that this transfer of the mortgage to Earl M. Lanphear was in pursuance of a collusive arrangement entered into between himself and the defendant Erwin H. Lanphear, who is the father of Earl M., and that the mortgage was in fact held by Earl for the benefit of his father.

It was further charged that a small portion of the commissions received by the defendant Erwin H. Lanphear were paid by him to the defendant Tadder.

It was made to appear by affidavits read in opposition to the motion, that the defendant Earl M. Lanphear had, prior to the commencement of this action, sold said mortgage, and was not, at the commencement of the action, the owner thereof; but it did appear, as stated, that there had been paid to him thereon a considerable sum of money. Plaintiff commenced this action in his own behalf and in behalf of all others similarly situated, who desired to come in and assist in its prosecution, to compel the payment to the stockholders of the money received by the defendants as and for commissions, according to the amount of each one's share in said purchase, with interest, and to obtain an adjudication that the mortgage mentioned and assigned to the defendant Earl M. Lanphear was held in trust by him for the benefit of the plaintiff and the other parties, as their interest might appear, and for such further or other relief as under the facts the plaintiffs might be entitled to.

All of the parties to the various contracts, with the exception of the defendants and two others, gave notice to the plaintiff of their desire to take part in prosecuting the action, and retained the attorneys for the plaintiff to act in their behalf in prosecuting the action.

Upon these facts the court, upon motion of the plaintiff, appointed a receiver during the pendency of the action, and, by the terms of the order, the defendant, Erwin H. Lanphear, was directed to pay over to the receiver all moneys received by him as commissions, and Earl M. Lanphear was ordered to pay over to the receiver the amount received by him on account of the mortgage heretofore referred to. From the order thus made this appeal was taken.

It is claimed by the appellants that the plaintiff Bird, not being a party to the purchase of block 7, has no interest therein, and that, therefore, the order, so far as it directs the repayment of any commissions received from the sale of that lot, is erroneous.

While the plaintiff Bird has no direct interest in block 7, he and the shareholders in block 7 are jointly interested in the mortgage of $9,500 mentioned, and in any moneys which may have been paid to Earl M. Lanphear while he was the holder of said mortgage, and the shareholders in block 7 having signified their desire to become parties to the action, block 7 was properly included in the order, so that in case the plaintiffs succeed in the action, a final distribution of the entire fund may be had.

It may, and probably will be, difficult to trace the funds paid as commissions, but they have been paid to and received by Erwin H. Lanphear, and the plaintiffs are entitled through the receiver to seek to obtain possession of the money. (*American Sugar Refining Co.* v. *Fancher*, 145 N. Y. 552.)

The parties to these various agreements joined in these ventures with a view of speculating in this real estate. They allege in their moving papers that they were induced by false and fraudulent representations to enter into these contracts, and that they have been defrauded by the misconduct of the defendants. It is a case where the court, if they succeed in establishing their cause of action, will exercise its general equitable powers to compel the defendants to restore to those entitled thereto, the moneys which have been improperly appropriated, and to that end the court, as a part of its incidental power, can impound the fund in litigation during the pendency of the action. (*Decker* v. *Gardner*, 124 N. Y. 334.)

It is contended that a receiver should not have been appointed, for the reason that the defendants are financially responsible and able to respond in any damages which the plaintiffs can in any event recover. Erwin H. Lanphear was shown to have considerable property, but there was evidence that he had property interests in the State of Pennsylvania, and that he had been trying to dispose of his property in this State.

We think the granting of the order was within the discretion of the Special Term, and fail to find any reason for disturbing it.

The order should be affirmed, with ten dollars costs and disbursements.

BRADLEY, WARD and ADAMS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.