EVANS et al. v. OGSBURY et al.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

1. APPEALABLE ORDER—RULING ON DEMURRER.
    An appeal does not lie from an order overruling a demurrer, but must be taken from the interlocutory judgment entered after the order.

**2.** PLEADING—COUNTERCLAIM—DEMURRER.

A complaint in partition alleged that the premises were devised to trustees to pay the net income thereof to the defendant, in lieu of dower, so long as she should remain a widow. and upon her remarriage said premises were to go to plaintiffs, and averred defendant's remarriage. The answer admitted the remarriage, but denied that defendant ever received any of said income, or elected to take the same in lieu of dower, and prayed for partition subject to her right of dower. *Held*, that said answer did not set up a counterclaim, and therefore a demurrer thereto "on the ground that it appears upon the face of said counterclaim that the same does not state facts sufficient to constitute a cause of action" was bad.

**3.** SAME—ACTION AGAINST EXECUTRIX—INDIVIDUAL ANSWER.

Though the complaint in said action was against defendant as executrix, she had the right to set up her interest as an individual in the land, especially as plaintiffs did not object to her appearance in that capacity, and as Code Civ. Proc. § 1538, provides that in such action she is, as an individual, a necessary party.

**4.** PROVISION IN LIEU OF DOWER—ELECTION—LIMITATIONS—PLEADING.

1 Rev. St. p. 742, § 14, providing that a widow loses her right of dower, when there is a testamentary provision for her in lieu of dower, unless within one year she enters upon the lands and commences proceedings for the recovery thereof, is a statute of limitations, and, as such, must be pleaded by the one who relies upon it.

Appeal from special term, New York county.

Action for partition by Edmund Ashton Evans and another against William L. Ogsbury and others. From an order and judgment overruling plaintiffs' demurrer to the answer of defendant Susie S. Weeks, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George A. French, for appellants.

Andrew J. Shipman, for respondents.

O'BRIEN, J. The appeal from the order must be dismissed, as, under the practice, it is not appealable. The appeal can only be taken from the interlocutory judgment entered after the order. Dick v. Livingston, 41 Hun, 455. The questions, however, are presented upon the appeal from the interlocutory judgment overruling the plaintiffs' demurrer to the answer.

This is a suit for partition. The defendant Susie S. Weeks is described in the summons and complaint as "executrix under the last will and testament of Alexander A. Ogsbury, deceased"; but the allegations are that the plaintiffs' title, in part, was derived through the defendant Susie S. Weeks, and making such title dependent upon her acts or omissions individually. Thus, the complaint alleges that the said defendant's husband died seised of an estate of inheritance of an undivided fourth part of the premises sought to be partitioned, leaving a last will and testament which was duly admitted to probate; that by such will his interest in the premises was devised to a trustee in trust to pay the net income thereof unto his wife, in lieu of dower, during her life, so long as she should remain his widow, and upon her death or marriage said premises were to go to plaintiffs and their brother, William L. Ogsbury; that the widow remarried, "and that her name is now Susie

S. Weeks; and thereby all the right, title, and interest of said Alexander A. Ogsbury, or his trustee, in said premises, became vested in" the parties named. The defendant Susie S. Weeks did not answer as executrix, but individually, and by such answer she controverts the allegations of fact touching the plaintiffs' title; and though admitting the probate of her husband's will, and its provisions, as alleged in the complaint, she denies that she ever received any of the income, "or that she ever elected to take the same in lieu of her dower, or that said will ever became operative to deprive her of her lawful dower in said real property." She, however, admits her remarriage, but repeats her denial that thereby all the rights of her former husband or his trustees became vested in the persons as alleged in the complaint. And then, at length, she sets out her marriage with Alexander A. Ogsbury, her cohabitation with him until his death, and the fact that he was seised during coverture of an estate of inheritance in an undivided fourth part of the premises, and claims that she "now is, and has been at all times since the death of said Alexander A. Ogsbury, entitled to a life estate in said undivided one-fourth part of said premises, as and for her dower therein, consisting of one undivided third thereof; that no admeasurement of her dower has ever been made, nor are there any proceedings to admeasure the same now pending." The demurrer is, in form, "to the counterclaim set forth in the amended answer, * * * on the ground that it appears upon the face of said counterclaim that the same does not state facts sufficient to constitute a cause of action."

The first criticism to be made is upon the form of this demurrer, which we think is bad. If, as claimed by plaintiffs, the answer contained a counterclaim, as distinguished from a defense, then the ground of demurrer specified would apply. It will be noticed that there is no mention of a counterclaim throughout the answer, and no affirmative relief is asked, but merely that a partition be made "subject to her said right of dower." Nor does she ask that her dower be set out and admeasured to her, specifically, upon the premises to be partitioned. In the absence of such allegations, or such a prayer for relief, even though there be a question as to whether the pleading was to be construed as a defense or a counterclaim, it will be regarded as a defense. Bates v. Rosecrans, 37 N. Y. 409, 412. As we must construe it, therefore, as a defense, the form of the plaintiffs' demurrer should have been to the answer, "on the ground that it is insufficient in law, upon the face thereof." It will thus be seen that we agree with the learned judge at special term not only in his view that the facts stated are not set forth as a counterclaim, but as a defense, but also in his view as to the defendant's right to controvert the allegations in the complaint "to the effect that, by reason of her marriage, all the right, title, and interest of her husband or his trustee in the said premises became vested in the plaintiff and his remaining brother and sister," and for the reasons which he sets forth in his opinion.

The appellants insist, however, that the learned judge overlooked the provision of the Revised Statutes that a widow loses her right

of dower when there is a testamentary provision for her in lieu of dower, unless, within one year, she enters upon the lands, and commences proceedings for the recovery of her dower. 1 Rev. St. p. 742, § 14. As he does not discuss that question, a word may be necessary. That is a statute of limitations, and, as such, to be available to either party, should be pleaded by the one who relies upon it. The complaint does not allege that this defendant elected to take the provision in lieu of dower, nor does it allege that she failed, within one year after the death of her husband, to enter on the lands, or commence proceedings for the recovery of her dower. There being nothing in the complaint, therefore, to show that the statute applies to bar her right, it cannot be presumed to apply in the absence of either a pleading or proof upon the subject. The difficulty with the plaintiffs' position seems to be that they concluded that a simple way of disposing of this defendant's rights or claims was to put her in the attitude of an executrix, and to compel her to appear and answer as such. She was not obliged, however, to occupy such a position, but had the right to set up such facts as would show that as an individual she had some interest in the controversy, and as such it was proper to set forth her rights in the premises; and, while it is the general rule that a person not named in the summons cannot appear and defend, yet if he does so the plaintiffs' remedy is to set aside such appearance. And we can find no authority for the appellants' view, that in an equity suit, where it is necessary to bring a party in, for their own purposes, in a representative capacity, such party cannot set up her individual rights in the subject of the action, particularly where the Code says that in such action she is, as an individual, a necessary party. Code Civ. Proc. § 1538.

We think that the disposition made of the demurrer was right, and that the judgment should be affirmed, with costs, with leave to withdraw the demurrer upon payment of costs of this court and of the court below. All concur.