CHARLES A. BIRD, in his Own Behalf and on Behalf of all Others Similarly Situated, etc., Respondent, v. EARL M. LANPHEAR, Appellant, Impleaded with Others.

*Equity — action for an accounting for moneys of which a number of parties were defrauded in the purchase of real estate — a complaint against individuals is sufficient to charge them as trustees.*

A complaint in an action which alleges that the defendants have, by fraudulent acts, obtained possession of the moneys of the plaintiff and of others, and have induced them to enter into contracts for the purchase of certain parcels of real estate, and which demands an accounting of such moneys thus fraudulently obtained, states a cause of action cognizable in equity.

In such an action, the fact, that it does not appear that the plaintiff has any ground for relief as to one of the parcels of real estate, does not require the conclusion that the complaint does not state facts "sufficient to constitute a cause of action."

The fact that certain of the defendants, who had by a mortgage been constituted trustees, were not made parties defendant in their capacity as trustees, but merely as individuals, does not constitute a ground of demurrer to such a complaint where the allegations contained therein are sufficiently broad to indicate that the liability exists by reason of their fraudulent practices, and also to sustain the complaint, not only for money had and received by means of the fraud, but to render them liable to account as trustees under the mortgage.

FOLLETT and GREEN, JJ., dissented.

APPEAL by the defendant, Earl M. Lanphear, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Steuben on the 17th day of February, 1896, upon the decision of the court rendered after a trial at the Erie Special Term overruling the said defendant's demurrer to the complaint, and also from an order entered in said clerk's office on the 17th day of February, 1896, upon which said judgment was entered.

The facts are fully stated in the dissenting opinion of FOLLETT, J.

*Shire & Jellinek*, for the appellant.

*Frederick Collin*, for the respondent.

HARDIN, P. J :

Plaintiff's complaint contains extensive and elaborate allegations of fraudulent acts and schemes and devices of the defendants, whereby they have obtained possession of moneys of the plaintiff

# 614 BIRD v. LANPHEAR.

and others, and induced the plaintiff and others to enter into contracts for the purchase of three parcels of real estate in Tonawanda, Erie county. Plaintiff seeks to have an accounting of the moneys which he alleges the defendants have obtained by means of false and fraudulent representations practiced upon him and his associates. The plaintiff evokes the equitable jurisdiction of the court. (See *A. S. R. Co.* v. *Fancher*, 145 N. Y. 552.)

There is no allegation in the complaint that the plaintiff was one of the purchasers of block 7, nor that he advanced any moneys towards the purchase thereof. It is averred in the complaint that the following persons entered into an agreement for the purchase of block 7, to wit: Horatio Gilbert, W. E. Tuttle, Addie B. Furman, Thomas D. Welch, Everett S. Copeland, Milton J. Baker, John R. Rose, Arthur C. Tadder, Alexander Lieb, William B. Kernan, F. V. Combs, Phillip N. Nast, Jr., and others. It will be observed that in this allegation there is no allegation that the plaintiff was one of the purchasers. Nor is there any definite and specific allegation that he has any interest in block 7.

While it is difficult to see that the plaintiff has any ground of relief predicated upon the allegations relating to block 7, it is equally difficult to reach the conclusion that the complaint does not state facts " sufficient to constitute a cause of action."

The plaintiff seeks to have an accounting, and alleges the representations and their effect upon him, and that by means of the representations he was fraudulently induced to part with his money; and that by means of the false and fraudulent schemes concocted and practiced by the defendants that he is entitled to relief.

(2) It is made a ground of demurrer that the defendants Erwin H. Lanphear, Arthur C. Tadder and Earl M. Lanphear were not joined as defendants as trustees. The allegation seemed to be sufficiently broad to indicate that their liability exists by reason of their fraudulent practices, and seemed to be sufficient to sustain the complaint against them in that aspect, not only for moneys had and obtained by means of the fraud, but to render them liable to account as trustees under the mortgage for anything they have received.

The case of *Calkins* v. *Smith* (48 N. Y. 614) furnishes little aid in the determination of the question in hand, as that was an action at law.

The complaint in this case was apparently upheld by the General Term in the fifth department in the case reported in 92 Hun, 567; 36 N. Y. Supp. 1069.

If we follow the tenor of the opinion in that case we may uphold the complaint in the case in hand and affirm the judgment at Special Term.

ADAMS and WARD, JJ., concurred; FOLLETT and GREEN, JJ., dissented.

FOLLETT, J. (dissenting):

May 25, 1881, the plaintiff and fourteen others, by an executory contract, purchased of the Englewood Land Company block No. 8 of the Englewood tract for $15,000. Each of the. purchasers was entitled to a one-fifteenth interest in the block, and was liable, as between themselves, to pay one-fifteenth of the purchase price.

June 10, 1891, the plaintiff and ten others, by an executory contract, purchased of the Englewood Land Company block No. 16 of the Englewood tract for $14,000. Each of the purchasers was entitled to a one-fourteenth interest in the block, and was liable, as between themselves, to pay one-fourteenth of the purchase price, except the plaintiff, who was entitled to a two-fourteenths interest in the block, and Erwin H. Lanphear, who was entitled to a three-fourteenths interest in the block.

By these contracts the plaintiff became entitled to a one-fifteenth interest in block No. 8, and liable to pay therefor, as between the purchasers, $1,000, and entitled to a two-fourteenths interest in block No. 16, and liable to pay therefor, as between the purchasers, $2,000.

May 25, 1891, fourteen persons, of whom the plaintiff was not one, by an executory contract, purchased of the Englewood Land Company block No. 7 of the Englewood tract for $15,000. It is alleged that each purchaser took a one-fifteenth interest, but it would appear by the contract that each took a one-fourteenth interest.

March 1, 1892, the Englewood Land Company conveyed by three deeds, blocks 7, 8 and 16 to Erwin H. Lanphear and Arthur C. Tadder as trustees for the purchasers, who on the same day mort-

gaged No. 16 to the land company for $9,520, which mortgage the land company on the same day assigned to Earl M. Lanphear.

It is alleged as a cause of action that Erwin H. Lanphear, to induce the vendees in the contracts to become purchasers, represented that he had secured options on said blocks at the prices named in the contracts, and that the blocks could not be purchased for less; that he was to have no commissions on the purchase, and that the contract prices represented the sums actually paid to the land company for the blocks. It is also alleged that these representations were false and fraudulent; that in truth and fact, instead of $44,000 being paid for said blocks, only the sum of $32,480 was paid for said blocks, leaving a difference of $11,520, which the defendant secured by the aforesaid mortgage and $2,000 received in cash. The plaintiff by this action seeks to recover his interest in that sum, and asks for an accounting. In the three contracts twenty-six persons and one firm of two persons are represented as purchasers, and it is alleged that they all live in or near the city of Hornellsville. All these persons are interested in this action and they should have joined as parties, either as plaintiffs or as defendants. It is difficult to see how the interests of these persons can be ascertained without making them parties.

This action cannot be maintained under section 448 of the Code Civil Procedure, which provides: "And where the question is one of a common or general interest of many persons, or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

The fact that thirty-five or forty persons are interested in an action does not of itself authorize one to prosecute for all. It must be impracticable to bring all before the court. (*Kirk* v. *Young*, 2 Abb. 453; *Brainerd* v. *Bertram*, 5 Abb. N. C. 102; Pom. Code Rem. 388 *et seq.;* Story's Eq. Pldgs. [10th ed.] § 94; Barb. on Parties, 346.)

In this action it is not shown that it is impracticable to bring these persons, who are united in interest, by contract, before the court as parties to the action. On the contrary, it appears on the face of the complaint that it is quite practicable. There is a defect of parties, and for that reason the interlocutory judgment should be

reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to plead anew on the payment of costs.

GREEN, J., concurred.

Interlocutory judgment affirmed, with costs, with leave to appellant to withdraw his demurrer upon payment of the costs of the demurrer and of this appeal.