## BIRD v. LANPHEAR et al.

(Supreme Court, Appellate Division, Fourth Department. December 16, 1896.)

1. PLEADING—EQUITABLE ACTION—DEMURRER.
　　A complaint states a cause of action which invokes the equitable jurisdiction of the court, and seeks to have an accounting, and alleges representations

by defendants, and their effect on him, and that by reason of them he was fraudulently induced to part with money.

**2. PARTIES—DUAL CAPACITY OF DEFENDANTS CURES DEFECT.**

There is no defect of parties defendant in an equitable action where parties are sued individually, and the allegations in the complaint are broad enough to indicate that the liability of such parties exist individually and as trustees, by reason of their fraudulent practices.

**3. SAME—DEFECT WHERE COMPLAINT SHOWS SOME OMITTED.**

There is a defect of parties defendant where a complaint is filed by one person in his own behalf and on behalf of others similarly situated, and it shows that 35 or 40 persons are interested in the action, and that it is practicable to bring all before the court, and the complaint does not make all of such parties defendants. Per Follett and Green, JJ., dissenting.

Appeal from special term, Erie county.

Action by Charles A. Bird in his own behalf and in behalf of others against Earl M. Lanphear, impleaded with others. From an order and interlocutory judgment entered thereon overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Shire & Jellinek, for appellant.

Fred Collin, for respondent.

HARDIN, P. J. Plaintiff's complaint contains extensive and elaborate allegations of fraudulent acts and schemes and devices of the defendants, whereby they have obtained possession of moneys of the plaintiff and others, and induced the plaintiff and others to enter into contracts for the purchase of three parcels of real estate in Tonawanda, Erie county. Plaintiff seeks to have an accounting of the moneys which, he alleges, the defendants have obtained by means of the false and fraudulent representations practiced upon him and his associates. The plaintiff invokes the equitable jurisdiction of the court. See Refining Co. v. Fancher, 145 N. Y. 552, 40 N. E. 206. There is no allegation in the complaint that the plaintiff was one of the purchasers of block 7, nor that he advanced any moneys towards the purchase thereof. It is averred in the complaint that the following persons entered into an agreement for the purchase of block 7, to wit: Horatio Gilbert, W. E. Tuttle, Addie B. Furman, Thomas D. Welch, Everett S. Copeland, Milton J. Baker, John R. Rose, Arthur C. Tadder, Alexander Lieb, William B. Kernan, F. V. Combs, Phillip N. Nast, Jr., and others. It will be observed that in this allegation there is no allegation that the plaintiff was one of the purchasers. Nor is there any definite and specific allegation that he has any interest in block 7. While it is difficult to see that the plaintiff has any ground of relief predicated upon the allegations relating to block 7, it is equally difficult to reach the conclusion that the complaint does not state facts "sufficient to constitute a cause of action." The plaintiff seeks to have an accounting, and alleges the representations, and their effect upon him, and that by means of the representations he was fraudulently induced to part with his money; and that by means

of the false and fraudulent schemes concocted and practiced by the defendants he is entitled to relief.

2. It is made a ground of demurrer that the defendants Erwin H. Lanphear, Arthur C. Tadder, and Earl M. Lanphear were not joined as defendants as trustees. The allegation seemed to be sufficiently broad to indicate that their liability exists by reason of their fraudulent practices; and seemed to be sufficient to sustain the complaint against them in that aspect, not only for moneys had and obtained by means of the fraud, but to render them liable to account as trustees under the mortgage for anything they have received. The case of Calkins v. Smith, 48 N. Y. 614, furnishes little aid in the determination of the question in hand, as that was an action at law. The complaint in this case was apparently upheld by the general term in the Fifth department in the case reported in 92 Hun, 567, 36 N. Y. Supp. 1069. If we follow the tenor of the opinion in that case, we may uphold the complaint in the case in hand, and affirm the judgment at special term.                                   ,

Interlocutory judgment affirmed, with leave to appellant to withdraw his demurrer upon payment of the costs of the demurrer and of this appeal.

ADAMS and WARD, JJ., concur.

FOLLETT, J. (dissenting). May 25, 1881, the plaintiff and 14 others, by an executory contract, purchased of the Englewood Land Company block No. 8 of the Englewood tract for $15,000. Each of the purchasers was entitled to a one-fifteenth interest in the block, and was liable, as between themselves, to pay one-fifteenth of the purchase price. June 10, 1891, the plaintiff and 10 others, by an executory contract, purchased of the Englewood Land Company block No. 16 of the Englewood tract for $14,000. Each of the purchasers was entitled to a one-fourteenth interest in the block, and was liable, as between themselves, to pay one-fourteenth of the purchase price, except the plaintiff, who was entitled to a two-fourteenths interest in the block, and Erwin H. Lanphear, who was entitled to a three-fourteenths interest in the block. By these contracts the plaintiff became entitled to a one-fifteenth interest in block No. 8, and liable to pay therefor, as between the purchasers, $1,000, and entitled to a two-fourteenths interest in block No. 16, and liable to pay therefor, as between the purchasers, $2,000. May 25, 1891, 14 persons, of whom the plaintiff was not one, by an executory contract purchased of the Englewood Land Company block No. 7 of the Englewood tract for $15,000. It is alleged that each purchaser took a one-fifteenth interest, but it would appear by the contract that each took a one-fourteenth interest. March 1, 1892, the Englewood Land Company conveyed, by three deeds, blocks 7, 8, and 16 to Erwin H. Lanphear and Arthur C. Tadder, as trustees for the purchasers, who on the same day mortgaged No. 16 to the land company for $9,520, which mortgage the land company on the same day assigned to Earl M. Lanphear. It is alleged as a cause of action

42 N.Y.S.—40

that Erwin H. Lanphear, to induce the vendees in the contracts to become purchasers, represented that he had secured options on said blocks at the prices named in the contracts, and that the blocks could not be purchased for less, that he was to have no commissions on the purchase, and that the contract prices represented the sums actually paid to the land company for the blocks. It is also alleged that these representations were false and fraudulent; that in truth and fact, instead of $44,000 being paid for said blocks, only the sum of $32,480 was paid for said blocks, leaving a difference of $11,520, which the defendants secured by the aforesaid mortgage and $2,000 received in cash. The plaintiff, by this action, seeks to recover his interest in that sum, and asks for an accounting. In the three contracts twenty-six persons and one firm of two persons are represented as purchasers, and it is alleged that they all live in or near the city of Hornellsville. All these persons are interested in this action, and they should have joined as parties, either as plaintiffs or as defendants. It is difficult to see how the interests of these persons can be ascertained without making them parties.

This action cannot be maintained under section 448 of the Code of Civil Procedure, which provides:

"And where the question is one of a common or general interest of many persons; or where the persons who might be made parties, are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

The fact that thirty-five or forty persons are interested in an action does not of itself authorize one to prosecute for all. It must be impracticable to bring all before the court. Kirk v. Young, 2 Abb. Prac. 453; Brainerd v. Bertram, 5 Abb. N. C. 102; Pom. Code Rem. 388 et seq.; Story, Eq. Pl. (10th Ed.) § 94; Barb. Parties, 346. In this action it is not shown that it is impracticable to bring these persons, who are united in interest, by contract, before the court, as parties to the action. On the contrary, it appears on the face of the complaint that it is quite practicable. There is a defect of parties, and for that reason the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to plead anew on the payment of costs.

GREEN, J., concurs.