### UNCKLES v. HENTZ et al.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

1. FRAUD—PLEADING—SCIENTER.

An action to recover damages alleged to have been sustained by plaintiff in consequence of certain false representations made by defendants is predicated on fraud, and the complaint is fatally defective in failing to allege scienter.

2. APPEALABLE ORDERS—RULING ON DEMURRER.

An order sustaining a demurrer is not appealable.

Appeal from special term, New York county.

Action by Thomas H. Unckles against Henry Hentz and others. The cause of action alleged in the complaint is that defendants jointly and severally pretended and represented themselves to be trustees of a legally constituted business association known as "The National Lead Trust," and as such trustees issued trust certificates which purported on their face to represent shares in the equity to the property of the trust; that plaintiff purchased some of these certificates in the open market on the New York Stock Exchange in reliance upon the representations in question, and believing the same to be true; that the said representations were in fact false, as the National Lead Trust was an illegal combination, with no right to issue certificates, and the certificates were

intrinsically worthless, and without legal value. From an order sustaining a demurrer to the complaint, and from an interlocutory judgment entered thereon (43 N. Y. Supp. 749), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

Anthony B. Porter, for appellant.
Charles W. Pierson, for respondents.

INGRAHAM, J. The appellant seems to concede that upon the allegations of the complaint this action cannot be maintained as one to recover damages for a fraud committed by the defendants by which the plaintiff was injured. The appellant commences his brief with the statement that this is not an action for fraud. It seems scarcely necessary to examine the complaint to show that allegations necessary to sustain an action to recover damages for a fraud are wanting in the complaint. There is, however, no scienter. It is not alleged that the defendants knew that any representations that they made were false and untrue, or that they were made with an intent to deceive the plaintiff or others. Nor is it alleged that what the plaintiff calls "pretenses and representations" were made by the defendants for the purpose of being communicated to the plaintiff, or to any other person, or with the knowledge that the pretensions or representations were false, or that they were intended to deceive. The appellant, however, claims that a right of action exists to recover the amount that this plaintiff paid for these shares, or whatever they may be called, without alleging any fraud against these defendants. As he states, it was not the intention of the pleader to charge fraud in the complaint, but to stand on the acts per se of respondents and others as constituting the cause of action. I am at a loss to understand just what is meant by this statement. To entitle the plaintiff to recover, he must allege facts from which the inference follows that the damage alleged to have been sustained by him was caused by some act of the defendants, and that such act was wrongful. We assume that the defendants are responsible for their acts, and that any illegal act of theirs which caused the plaintiff damage would sustain an action by the plaintiff against the defendants to recover such damage; but it is too well settled to require the citation of authority that where one relies upon a statement or representation of a party as a ground for an action for damages against him he must allege and prove, not only that such statements or representations were made, and that the plaintiff acted upon them, and was injured by them, but that the persons sought to be held liable made such representations knowing them to be false, and with an intent to deceive.

The essential elements of an action for false pretenses are representations, falsity, scienter, deception, and injury (Hotchkin v. Bank, 127 N. Y. 337, 27 N. E. 1050); and the court of appeals has expressly held that an action founded upon the deceit and fraud of the defendant cannot be maintained in the absence of proof that he believed or had reason to believe at the time when he made them that the representations made by him were false, and that they were for that reason

fraudulently made (Meyer v. Amidon, 45 N. Y. 170). See, also, Brack-ett v. Griswold, 112 N. Y. 467, 20 N. E. 376, where the court say:

"There must have been a false representation, known to be such, made by the defendant, calculated and intended to influence the plaintiff, and which came to his knowledge, and in reliance upon which he, in good faith, parted with property, or incurred the obligation which occasioned the injury of which he complains. All these circumstances must be found to exist, and the absence of any one of them is fatal to a recovery."

Here the only allegation of a wrongful act of the defendants is that the defendants jointly and severally "pretended and represented themselves" to be something that they were not. It is thus essentially an action to recover the damages caused to the plaintiff by reason of false and fraudulent representations made by the defendants; and the authorities are uniform in holding that to sustain such a cause of action scienter must be alleged and proved. The judgment appealed from is therefore affirmed, with costs.

The plaintiff appears to have appealed not only from the judgment, but also from the order sustaining the demurrer and directing the judgment. As such an order is not appealable, that appeal must be dismissed. All concur.