(59 App. Div. 581.)

### KLEY v. HIGGINS et al.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

1. APPEAL.

    An appeal does not lie from an interlocutory order sustaining or overruling a demurrer.

2. SAME—AGREEMENT TO DISMISS—CONSIDERATION.

    Defendants' testator agreed to pay plaintiff's claim if plaintiff would dismiss an appeal in an action for the amount, or if the judgment appealed from should be affirmed. On the refusal of plaintiff's attorney to consent to a dismissal, plaintiff retained counsel at the testator's request to argue the appeal for him, with the result that the judgment was affirmed. *Held*, that the consideration for the agreement was sufficient.

3. ACTION AGAINST EXECUTORS.

    A complaint which merely alleges that plaintiff filed her duly-verified claim with defendants as executors, and that it was rejected, does not show that the suit is brought against them in their representative capacity.

Appeal from special term, New York county.

Action by Anna C. Kley against A. Hamilton Higgins, executor, and Mary A. Lynch, executrix, of John Healy, deceased. From an order of the special term (68 N. Y. Supp. 453) overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Eugene F. Daly, for appellants.

William H. Newman, for respondent.

RUMSEY, J. There is no authority for an appeal from an order sustaining or overruling a demurrer. So much, therefore, of the appeal as is taken from the order, must be dismissed, with $10 costs.

Two objections are taken to the complaint. In the first place, it is alleged that it appears that there was no consideration for the agreement upon which the action is brought. This objection is not well taken. The contract was that Healy would pay to the plaintiff a certain sum of money in consideration of the dismissal of an appeal which had been taken by her, or if the judgment appealed from should be affirmed. The plaintiff then alleges that, her attorneys having refused to consent to the dismissal of the appeal, she, at the request of Healy, retained counsel to argue the appeal for him; the result being that the judgment was affirmed, but that Healy refused to pay her the money. This is clearly a sufficient consideration for the contract upon which the action is founded. But the defendants insist upon a technical objection to this complaint, which is well taken, and because of which we must reverse this judgment and sustain the demurrer. The action is brought upon a contract made by John W. Healy in his lifetime. The defendants are described in the title of the action as executor and executrix of Healy. It is alleged in the

complaint that Healy died, having made a last will and testament,. which was admitted to probate: but there is no allegation in the complaint that any person was nominated as executor in that will, nor is there any allegation that letters testamentary were issued to the defendants or any one else, or that the defendants ever qualified as executors. As they are sought to be charged in this action upon the contract made with Healy, it is absolutely essential that somewhere in the complaint facts should be stated from which it can be inferred that they were his personal representatives. Of course, it is not always necessary that the allegations of the complaint as to the representative character of the defendants should be direct and positive, but it is certainly necessary, if the allegations are not made in that way, that the frame and averments and scope of the complaint must be such as to fix upon the defendants such a character. But nothing of that kind is found in this pleading. It is said that the plaintiff filed with the defendants, as executor and executrix, her claim, duly verified, which was rejected. But what claim does not appear; nor is there any suggestion that the claim was filed with the defendants, as executor and executrix of Healy; and when it appeared, as it does, that the claim was rejected, that fact destroyed any inference that the persons with whom the claim was filed conceded that they were the personal representatives of Healy. The case is not within that of Beers v. Shannon, 73 N. Y. 292, or Stilwell v. Carpenter, 2 Abb. N. C. 238, 62 N. Y. 639; and, even giving to the allegations of the complaint the very broadest meaning to which they are susceptible, there is nothing which would warrant the inference that the defendants occupied the representative character in which they are sought to be charged. For that reason the judgment overruling the demurrer must be reversed, with costs, and judgment entered sustaining the demurrer, with costs, with leave to the plaintiff to amend the complaint upon payment of the costs in the court below and in this court. All concur.

(59 App. Div. 383.)

## In re DAUCHY.

(Supreme Court, Appellate Division, Third Department. March 6, 1901.)

ASSIGNMENTS FOR BENEFIT OF CREDITORS—PARTNERSHIP AND INDIVIDUAL ASSIGNMENTS—PREFERENCES.

Under Laws 1887, c. 503, providing that in a general assignment for the benefit of creditors no preference should be valid, except as to one-third of the value of the assigned estate, a debtor who had joined in a partnership assignment and had also made an individual assignment was entitled in the individual assignment, after preferring a partnership creditor to the amount of one-third of the estate, to direct a pro rata distribution of the balance between individual and partnership creditors.

Kellogg, J., dissenting.

Appeal from Rensselaer county court.

Judicial settlement of the accounts of Henry B. Dauchy as assignee for the benefit of creditors of Thomas Lape. From a decree of distribution favoring the Union National Bank of Troy, D. Powers & Sons and the National Bank of Troy appeal. Decree modified.

On the 20th day of November, 1895, the firm of Lape & Dunlop, composed of Thomas Lape and John Dunlop, made a general assignment for the benefit