### ROWE v. ROWE et al.

(Supreme Court, Appellate Division, Third Department. March 8, 1905.)

1. ISSUE OF LAW—TRIAL—DECISION—REPORT.

By the express provisions of Code Civ. Proc. §§ 1010, 1019, on the trial of an issue of law by the court or referee a decision or report must be filed.

2. SAME—FINAL OR INTERLOCUTORY JUDGMENT.

Under the express provisions of Code Civ. Proc. § 1021, the decision of the court or the report of a referee on the trial of a demurrer must direct the final or interlocutory judgment to be entered thereon, though it is not necessary that findings of fact should be made.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 561.]

3. WILLS—EXECUTORS—TRUSTEES.

Where a will did not recognize any distinction between the offices of executor and trustee, but devised real property to the executors in trust, the trust vested in such devisees in their capacity as executors, and at-

tached to that office, and they, by accepting and qualifying as executors,. accepted the trust conferred on them by. the will.

**4. PLEADING—COMPLAINT—DESIGNATION OF PARTIES.**

Where a will devised real property to executors in trust, and a complaint in an action against them set out the will and alleged that, as. executors, the defendants had accepted the trust created by the will, the complaint was not demurrable for failure to designate in the caption that the action was against the executors also in their capacity "as trustees."

**5. SAME—DEMURRER.**

A demurrer to a complaint runs to the allegations thereof, and not to. the summons or to the caption.

Appeal from Special Term, Rensselaer County.

Action by Mary Chambers Rowe against Benjamin Rowe and Frederick Rowe individually and as executors of the estate of Benjamin F. Rowe, deceased, and others. From an order overruling a demurrer to. the complaint, defendants appeal. Affirmed.

Appeal by the defendants Benjamin Rowe, Frederick Rowe, Myra Rowe,. and Eliza A. Rowe from an order of the Albany Special Term, and an interlocutory judgment entered thereupon, in the office of the clerk of the county of Rensselaer on the 13th day of July, 1904, overruling a demurrer by said' defendants to the complaint of the plaintiff. This action is brought by the plaintiff, claiming to be the widow of one Benjamin F. Rowe, for dower in the real property of which said Benjamin F. Rowe died seised. The complaint alleges the death of Benjamin F. Rowe, and that he left a will. The will is made a part of the complaint, and the material parts thereof are as. follows:

"First. After all my lawful debts are paid and discharged I give and bequeath and devise to my executors, hereinafter named, whom I also appoint trustees, all my real property in trust, and do hereby empower and direct my said executors to sell the same for the best price obtainable and after paying to my wife, Eliza A. Rowe, her lawful right of dower, and the expenses of administering my estate, to pay over to each of my children, Benjamin Rowe, Frederick Rowe, Myra Rowe, and Frank Rowe, one-fifth part of such proceeds and to hold in trust the remaining one-fifth part of such proceeds for the benefit of my grandchild, May Salisbury, until she attains. majority. In case any of my said children or my said grandchild die leaving no children, the share of said child or said grandchild to be divided equally between my surviving children. Likewise, I make, constitute and' appoint Benjamin Rowe, of Brooklyn, N. Y., and Frederick Rowe of Schodack, N. Y., to be the executors of this my last will and testament, hereby revoking all former wills by me made."

The complaint further alleges that said will has been duly admitted to. probate, and "that letters testamentary upon the estate of said Benjamin F. Rowe were by said surrogate on the 15th day of February, 1904, duly granted to Benjamin Rowe and Frederick Rowe, the defendants above named, and that said defendants duly qualified as the executors under said will, as. the plaintiff is informed and verily believes, and accepted the trust created thereby." The appellants demurred to the complaint "upon the ground that it appears on the face of the complaint that there is a defect of parties defendant in the omission of Benjamin Rowe and Frederick Rowe as trustees. by and under the last will and testament of Benjamin F. Rowe deceased." The demurrer was overruled.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER,. and HOUGHTON, JJ.

Nathaniel B. Spalding, for appellants.

John T. Cooke (Newton B. Vanderzee, of counsel), for respondent..

CHASE, J. Upon a trial of an issue of law by the court or a referee a decision or report must be filed. Code Civ. Proc. §§ 1010, 1019. The decision of the court or the report of a referee upon the trial of a demurrer must direct the final or interlocutory judgment to be entered thereupon, but it is not necessary to make any findings of fact. Code Civ. Proc. § 1021. If the decision is entered in the form of an order (Wright v. Chapin, 74 Hun, 521, 26 N. Y. Supp. 825; Garret v. Wood, 57 App. Div. 242, 68 N. Y. Supp. 157), an appeal cannot be taken therefrom. Evans v. Ogsbury, 2 App. Div. 557, 37 N. Y. Supp. 1104; Unckles v. Hentz, 19 App. Div. 165, 45 N. Y. Supp. 894; Kley v. Higgins, 59 App. Div. 581, 69 N. Y. Supp. 826. The will does not, in terms, recognize any distinction between the offices of executor and trustee. It only speaks of real property, and that is all given to the executors in trust. Under the will the trusts are vested in Benjamin Rowe and Frederick Rowe in their capacity as executors, and are attached to the office. Earle v. Earle, 93 N. Y. 104. By accepting and qualifying as executors, they accepted the trusts conferred upon them by the will. Earle v. Earle, supra. It would, perhaps, be wise and good practice in a case like this to add to the statement of the representative character of the defendants the words "as trustees" in addition to the words "as executors," but the failure to do so is not a sufficient reason for sustaining a demurrer to the complaint, where, as in this case, the complaint contains a copy of the will, and further allegations showing that as executors the defendants have accepted the trusts created by the will. Knox v. Met. Elevated Ry. Co., 58 Hun, 517, 12 N. Y. Supp. 848; Ducker v. Rapp, 67 N. Y. 464; Berolzheimer v. Strauss, 7 Civ. Proc. 225; Bird v. Lamphear, 11 App. Div. 613, 42 N. Y. Supp. 623. A demurrer runs to the allegations of the complaint, and not to the summons, or to the caption of the complaint. Soldiers' Home v. Sage, 11 Misc. Rep. 159, 33 N. Y. Supp. 549.

The appeal from the order should be dismissed and the interlocutory judgment should be affirmed, with costs, with leave to appellants to withdraw the demurrer and serve an answer on payment of the costs in this court and in the court below. All concur.