Mary Chambers Rowe, Respondent, *v.* Benjamin Rowe and Frederick Rowe, Individually and as Executors, etc., of Benjamin F. Rowe, Deceased, and Others, Appellants, Impleaded with Others, Defendants.

*Action by a widow for dower — when executors, who are also trustees under the husband's will, need not be named in the complaint in both capacities — it is good practice to do so — when the trusts are attached to the office of executor — an order overruling a demurrer is not appealable — to what parts of a pleading a demurrer runs.*

The complaint in an action for the admeasurement of dower alleged that the plaintiff's husband left a will providing, "*First.* After all my lawful debts are paid and discharged I give and bequeath and devise to my executors, hereinafter named, whom I also appoint trustees, all my real property in trust, and do hereby empower and direct my said executors to sell the same for the best price obtainable and after" making certain payments "to hold in trust the remaining one-fifth part of such proceeds for the benefit of my grandchild, May Salisbury, until she attains majority. * * * Likewise, I make, constitute and appoint Benjamin Rowe of Brooklyn, N. Y., and Frederick Rowe of Schodack, N. Y., to be the executors of this, my last will and testament."

It further alleged that letters testamentary upon the estate were "duly granted to Benjamin Rowe and Frederick Rowe, the defendants above named, and that said defendants duly qualified as the executors under said will as the plaintiff is informed and verily believes and *accepted the trust created thereby.*"

The executors of the will, who were made parties defendant as executors and also as individuals, demurred to the complaint on the ground that there was a defect of parties defendant in that they were not made parties as trustees.

*Held*, that as the will did not recognize any distinction between the office of executor and that of trustee, and as the trusts created by the will were attached to the office of executor, and as the executors, by accepting and qualifying as such, had accepted the trusts conferred upon them by the will, the fact that the defendants Benjamin Rowe and Frederick Rowe were sued simply in their capacity as executors and not also in their capacity as trustees, did not render the complaint demurrable.

*Semble*, that it would have been good practice to add to the names of the defendants the words "as trustees" after the words "as executors."

A decision entered in the form of an order overruling a demurrer to a complaint is not appealable to the Appellate Division.

A demurrer runs to the allegations of the complaint and not to the summons or to the caption of the complaint.

APPEAL by the defendants, Benjamin Rowe and Frederick Rowe, individually and as executors, etc., of Benjamin F. Rowe, deceased, and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 13th day of July, 1904, upon the decision of the court, rendered after a trial at the Albany Special Term, overruling the said defendants' demurrer to the plaintiff's complaint, and also (as stated in the notice of appeal) from an order entered in said clerk's office on the 13th day of July, 1904, overruling said demurrer.

This action is brought by the plaintiff, claiming to be the widow of one Benjamin F. Rowe, for dower in the real property of which said Benjamin F. Rowe died seized. The complaint alleges the death of Benjamin F. Rowe and that he left a will. The will is made a part of the complaint and the material parts thereof are as follows:

"*First.* After all my lawful debts are paid and discharged I give and bequeath and devise to my executors, hereinafter named, whom I also appoint trustees, all my real property in trust, and do hereby empower and direct my said executors to sell the same for the best price obtainable and after paying to my wife, Eliza A. Rowe, her lawful right of dower, and the expenses of administering my estate, to pay over to each of my children, Benjamin Rowe, Frederick Rowe, Myra Rowe and Frank Rowe, one-fifth part of such proceeds and to hold in trust the remaining one-fifth part of such proceeds

for the benefit of my grandchild, May Salisbury, until she attains majority. In case any of my said children or my said grandchild die leaving no children, the share of said child or said grandchild to be divided equally between my surviving children. Likewise, I make, constitute and appoint Benjamin Rowe of Brooklyn, N. Y., and Frederick Rowe of Schodack, N. Y., to be the executors of this, my last will and testament, hereby revoking all former wills by me made."

The complaint further alleges that said will has been duly admitted to probate and "that letters testamentary upon the estate of said Benjamin F. Rowe were by said surrogate on the 15th day of February, 1904, duly granted to Benjamin Rowe and Frederick Rowe, the defendants above named, and that said defendants duly qualified as the executors under said will as the plaintiff is informed and verily believes and *accepted the trust created thereby.*"

The appellants demurred to the complaint " upon the ground that it appears upon the face of the complaint that there is a defect of parties defendant in the omission of Benjamin Rowe and Frederick Rowe as *trustees* by and under the last will and testament of Benjamin F. Rowe, deceased." The demurrer was overruled.

*Nathaniel B. Spalding,* for the appellants.

*Newton B. Van Derzee* and *John T. Cook,* for the respondent.

CHASE, J.:

Upon a trial of an issue of law by the court or a referee a decision or report must be filed. (Code Civ. Proc. §§ 1010, 1019.) The decision of the court or the report of a referee upon the trial of a demurrer must direct the final or interlocutory judgment to be entered thereupon, but it is not necessary to make any findings of fact. (Code Civ. Proc. § 1021.)

If the decision is entered in the form of an order ( *Wright* v. *Chapin,* 74 Hun, 521; *Garrett* v. *Wood,* 57 App. Div. 242; 9 N. Y. Ann. Cas. 292) an appeal cannot be taken therefrom. (*Evans* v. *Ogsbury,* 2 App. Div. 557 ; *Unckles* v. *Hentz,* 19 id. 165 ; *Kley* v. *Higgins,* 59 id. 581.)

The will does not in terms recognize any distinction between the offices of executor and trustee. It only speaks of real property,

and that is all given to the executors in trust. Under the will the trusts are vested in Benjamin Rowe and Frederick Rowe in their capacity as executors and are attached to the office. (*Earle* v. *Earle*, 93 N. Y. 104.) By accepting and qualifying as executors they accepted the trusts conferred upon them by the will. (*Earle* v. *Earle*, *supra*.) It would perhaps be wise and good practice in a case like this to add to the statement of the representative character of the defendants the words " as trustees " in addition to the words " as executors," but the failure to do so is not a sufficient reason for sustaining a demurrer to the complaint where, as in this case, the complaint contains a copy of the will, and further allegations showing that *as executors the defendants have accepted the trusts created by the will.* (*Knox* v. *Metropolitan El. Ry. Co.*, 58 Hun, 517 ; *Ducker* v. *Rapp*, 67 N. Y. 464 ; *Berolzheimer* v. *Strauss*, 7 Civ. Proc. Rep. 225 ; *Bird* v. *Lanphear*, 11 App. Div. 613.)

A demurrer runs to the allegations of the complaint and not to the summons, or to the caption of the complaint. (*Soldiers' Home* v. *Sage*, 11 Misc. Rep. 159.)

The appeal from the order should be dismissed and the interlocutory judgment should be affirmed, with costs, with leave to appellants to withdraw the demurrer and serve an answer on payment of the costs in this court and in the court below.

All concurred.

Appeal from order dismissed and interlocutory judgment affirmed, with costs, with leave to appellant to withdraw demurrer and serve answer on payment of costs in this court and in court below.