.(55 App. Div. 576.)

OAKES v. OAKES et al.

(Supreme Court, Appellate Division, First Department. December 7, 1900.)

1. APPEAL—JUDGMENT ON PLEADINGS.
Though a motion for a judgment on the pleadings should regularly be made at the trial of the issue, the question of the regularity of granting such motion at the special term will not be reviewed where it is not raised either in the trial court or on appeal.

2. STATUTE OF LIMITATIONS—FALSE IMPRISONMENT.
An action for damages on allegations that defendants conspired to cause plaintiff's committal to an insane asylum while she was in fact sane, and that she was so committed, comes within Code Civ. Proc, § 384, providing that actions for false imprisonment must be brought within two years from the time the cause of action has accrued; since the allegation of conspiracy does not form an essential part of the cause of action, ·the real foundation being the damage done to plaintiff.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by Lewella C. Oakes against Francis J. Oakes and others ·for damages by reason of a conspiracy whereby plaintiff was confined in an institution for the insane while in fact sane. From an order .and judgment in favor of the defendants, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PAT-'TERSON, and INGRAHAM, JJ.

J. M. Gardner, for appellant.
A. H. Van Cott, for respondents.

PATTERSON, J. The judgment dismissing the complaint in this :action was entered upon an order made at special term on a motion of the defendants Oakes for judgment upon a reply as frivolous, and also for judgment upon the pleadings. This appeal is from the judgment and the order. The practice of applying by special motion for a judgment upon the pleadings at the special term, instead of

awaiting a trial of the issues of fact or of law in the ordinary manner, and in the appropriate branch of the court, we might feel called upon to condemn, were the question properly before us. It was not raised in the court below, and has not been presented here. The plaintiff must be deemed to have waived such an objection. We refer to the subject only that it may not be understood that by considering the substantial question before us we have approved and established as a precedent the procedure which resulted in the judgment appealed from.

The action was brought to recover damages against the defendants upon allegations that they conspired to cause her committal to a sanatarium as an insane person. The defendants Francis J. Oakes and Adelaide S. Oakes, it is alleged, formed this conspiracy with the other defendants, and that in pursuance thereof the plaintiff was committed to an institution for the insane on the 5th of November, 1891, and was there placed under restraint, and kept in confinement, and deprived of her liberty until the 27th day of February, 1892; that again on the 22d of March, 1893, in furtherance of the conspiracy, the same persons, without the consent of the plaintiff, caused her again to be committed to the same institution, where she was kept and restrained of her liberty until the 13th of January, 1894; that on the 13th of January, 1894, still in pursuance of the same alleged conspiracy, and without her consent, she was confined in an institution for the insane at Whitestone, in the state of New York, and was there deprived of her liberty until the 7th of June, 1894, on which day, still pursuant to the same alleged conspiracy, she was forcibly taken and removed outside of the state of New York, to Darien, in the state of Connecticut, where she was placed in an institution for the insane, and kept there and deprived of her liberty until the 19th of June, 1894; and she alleged that by reason of the premises she suffered and sustained damage in a certain amount, for which she demanded judgment. The defendants deny the principal allegations of the complaint, but as a separate defense set up "that the causes of action set forth in the complaint herein did not accrue within two years before the commencement of this action." The plaintiff was required by an order of the court to reply to the defense of the statute of limitations as pleaded by the defendants Oakes, and in her reply she admitted that the causes of action set forth in the complaint did not accrue within two years before the commencement of the action, but she averred that they did accrue within six years before the commencement of the action, and she insisted in the court below, and now contends, that the causes of action set forth in the complaint are for a personal injury, for which suit may be brought within six years, and are not of those required by section 384 of the Code of Civil Procedure to be brought within two years; and that contention presents the only subject that requires consideration. The argument that the six-years statute applies proceeds upon the assumption that an independent actionable wrong is created by the conjunction of an allegation of a confederation or conspiracy to do a certain act with an allegation of the commission of that act by the parties implicated

in the conspiracy; that it is not the act itself that furnishes the ground or cause of action, but that the conspiracy and the act together constitute an independent personal injury, an action to recover damages for which may be brought within six years. But in a civil action for damages an allegation of conspiracy does not form an essential part of a cause of action. The conspiracy is only matter of aggravation. Folger, J., in Verplanck v. Van Buren, 76 N. Y. 247. The real foundation of the action is the damage done to the plaintiff. The essence is that an actionable wrong has been perpetrated. What was said in the case of Oil Co. v. Everest, 30 Hun, 586, well states the law upon the subject:

"The allegation of conspiracy between the defendants to commit the act complained of is of no importance so far as it respects the cause and ground of action. A simple conspiracy, however atrocious, unless it results in actual damage to the party against whom the conspiracy is aimed, is not the subject of a civil action. It is only necessary to be averred and proved where a verdict is demanded against two or more defendants. Hutchins v. Hutchins, 7 Hill, 107; Savile v. Roberts, 1 Ld. Raym. 374; Parker v. Huntington, 2 Gray, 124; Bowen v. Matheson, 14 Allen, 499; Laverty v. Vanarsdale, 65 Pa. St. 507."

Such being the only office and effect of allegations of conspiracy in an action of this character, the nature of that action is to be tested, so far as the ground of liability is concerned, by the acts done by the defendants. Referring again as authority to the case last cited, if the allegations of this complaint relating to conspiracy are cut off from the averments as to the means resorted to, the action would then be in its nature and character one for false imprisonment. The allegations of conspiracy are merely directed to enforcing liability against all parties concerned in the unlawful act of the alleged false imprisonment of the plaintiff, and may make each defendant liable for what has been done by the others. By uniting unlawful acts with an allegation of false imprisonment, the scope of the action is not enlarged as to the ground of liability, nor a different rule of limitation made applicable than that which would apply to the act itself. Here the damage was the alleged unlawful deprivation of liberty, and the two-years statute applies.

The judgment and order appealed from must be affirmed, with costs.

RUMSEY and HATCH, JJ., concur.

INGRAHAM, J. I dissent. The question whether or not the statute of limitations applies should only be disposed of upon the trial of the action. It is an affirmative defense to be pleaded, and the plaintiff is entitled to prove any fact which would take the case out of the statute. To grant upon motion a judgment for a defendant upon the ground that the statute of limitations is a bar to the cause of action alleged in the complaint seems to me to be opposed to all of the principles established for the disposition of issues of fact and of law raised by the pleadings, and takes from the plaintiff a substantial right, and can add nothing but confusion to the practice. The parties are entitled by the constitution to a

trial of the action, either before a jury or at the special term; and, when issues of fact and law are raised by the pleading, those issues can be disposed of only by a trial.

VAN BRUNT, P. J., concurs.