(57 App. Div. 242.)

### GARRETT v. WOOD et al.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

1. DECISION—WHAT CONSTITUTES—WRITING—FILING.

   The entry of a written order, and a judgment in conformity therewith, overruling plaintiff's demurrer with leave to withdraw the same on payment of costs, which order was signed by the clerk, and not by the justice holding the term, sufficiently complies with Code Civ. Proc. § 1010, providing that on a trial by the court its decision in writing must be filed within a certain time after adjournment.

2. PLEADING—ANSWER—PARTIAL DEFENSES.

   On a demurrer to a particular defense to an action, in which it is not stated that the new matter is relied on merely as a partial defense to the action, the court must assume that it is claimed to be a complete defense, and test it accordingly.

3. NUISANCE—FORMER JUDGMENT—DEFENSE.

   A complaint charged defendants with maintaining a nuisance, to plaintiff's damage, and prayed for equitable relief as well as damages. The defense stated that plaintiff had already obtained a judgment for the same cause of action against one of defendants, and that such judgment had been satisfied. Held, that such answer did not state a complete defense, since it did not preclude recovery of damages accruing since the former action, or against new defendants not previously sued, and hence a demurrer thereto should have been sustained.

4. SAME—FINAL JUDGMENT—EQUITABLE RELIEF AND DAMAGES.

   Under Code Civ. Proc. § 1662, providing that final judgment for plaintiff may direct the removal of a nuisance, award damages. or both, a complaint asking for equitable relief against a nuisance, as well as damages, was proper.

Appeal from special term, Albany county.

Action by Lena Garrett against Bradford R. Wood individually and as executor, etc., and others. From an interlocutory judgment overruling plaintiff's demurrer to defendants' defense, and from an order denying a new trial, plaintiff appeals. Order affirmed, and judgment reversed.

See 67 N. Y. Supp. 122.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Barnwell Rhett Heyward, for appellant.

Thompson & Andrews, for respondents.

MERWIN, J. The issue of law arising upon the demurrer by the plaintiff to the second defense was duly brought to trial at a special term, and decided in favor of the defendants. An order in writing was made at the special term reciting the hearing, and ordering that the "demurrer be, and the same hereby is, overruled, with costs, and that the defendants have judgment therein, but with leave to the plaintiff to withdraw her demurrer within twenty days after service of a copy of this order on payment of costs." This order is not signed by the justice holding the term. It is signed by the clerk. This order, and a judgment in conformity therewith, were duly entered in the proper clerk's office. Thereupon the plaintiff moved, under section 1010 of the Code, for a new trial on the ground that no decision in writing had been filed. This motion was denied, and the plaintiff appeals. So that the question is presented whether the order for judgment was a sufficient decision. The plaintiff claims that it was not, and that view is supported by the case of Village of Palmyra v. Wynkoop, 53 Hun, 82, 6 N. Y. Supp. 62. The opposite view is taken in Garland v. Van Rensselaer, 71 Hun, 1, 24 N. Y. Supp. 783, and that case was affirmed in the court of appeals (140 N. Y. 638, 35 N. E. 892) without opinion. The case of Eaton v. Wells, 82 N. Y. 576, is in the same direction. The weight of authority seems to be against the position of plaintiff, and the order appealed from must, therefore, be affirmed.

Upon the demurrer the question is whether the new matter set up in the second defense constitutes, if true, a complete defense to the action. It is not stated to be a partial defense, and therefore we must assume that it is claimed to be a complete defense, and it must be tested accordingly. Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675. In the complaint it is, in substance, alleged that the defendants are the owners of certain premises, and in possession and control of the same, and for several years have maintained thereon a nuisance, which still exists,—a description of the same being set out; that by reason thereof the plaintiff has been greatly damaged, to the knowledge of defendants, and that the same is the source of constant injury to the plaintiff; that the defendants refuse and neglect to remedy the same; that the plaintiff has suffered damages to the amount of $2,000. Relief is demanded for the damages, and that the defendants be enjoined and compelled to abate the nuisance. In the defense demurred to it is alleged "that in an action in the supreme court, in which Lena Garrett was plaintiff and Bradford R. Wood was defendant, for the same cause of action as that set forth in the complaint, the plaintiff recovered judgment, which was duly entered in the clerk's office of Albany county on the 30th day of April, 1900, for $773.83 damages and costs, which judgment was, prior to the commencement of this action, fully paid and satisfied." The argument on the part of the respondents is that this is an action for damages for a nuisance, and that the principle that satisfaction by one of several joint wrongdoers inures to the benefit of all (Lord v. Tiffany, 98 N. Y. 412) is applicable to the case. The cause of action, however, is of that character that the injury is continuous. In an action for damages simply, the recovery is only for such as have

accrued up to the commencement of the action.  Uline v. Railroad Co., 101 N. Y. 98, 116, 4 N. E. 536.  So·that on that basis the damages that may have accrued since the commencement of the former action would not be included in the recovery, and the plaintiff might recover them in this action.  The complaint in this action asks for equitable relief as well as damages.  Both kinds of relief may be obtained in the same action.  Code, § 1662; Cogswell v. Railroad Co., 105 N. Y. 319, 321, 11 N. E. 518.  It is not alleged that equitable relief was asked for or obtained in the former action.  There are in the present action additional defendants against whom the plaintiff, according to the allegations of the complaint, would be entitled to relief.  In this aspect of the case the recovery of damages simply in the former action, if paid, would not be a complete defense to the present action against other defendants.  We are of the opinion that the new matter set up in the defense demurred to does not constitute a complete defense, and therefore the demurrer should have been sustained. All concur.

Order appealed from affirmed, with $10 costs and disbursements.  Interlocutory judgment reversed, with costs to appellant to abide the event, and demurrer sustained, with costs, with leave to amend on payment of costs of the demurrer.