RANKIN v. BUSH et al.

(Supreme Court, Appellate Division, First Department. April 8, 1904.)

1. PLEADING—DEMURRER—FRIVOLOUSNESS.

A demurrer to a complaint will not be stricken as frivolous unless the frivolousness appears from a mere inspection of the pleading, without argument; justifying an inference that it was interposed in bad faith.

2. SAME—BANKS—UNLAWFUL ACTS OF CASHIER—COMPLAINT—DEMURRER.

Plaintiff's complaint alleged that he was receiver of the E. Bank, which had a deposit account with the C. Bank, to which defendant, who was cashier of plaintiff's bank, was indebted on May 5, 1893, in the sum of $15,000 and interest; that on that day defendant gave to the C. Bank his personal check on the E. Bank for the amount of his indebtedness, and wrongfully certified the same as its cashier,' his deposit account therein having been overdrawn; that the C. Bank charged the amount of the check to the E. Bank's account, credited it to defendant, and had refused to repay to the E. Bank the sum of $8,000 thereof and interest. Held, that since, if such facts were true, the C. Bank, at the time of accepting the check, was put on inquiry as to defendant's authority to certify the same, and his act in so doing being wrongful and without authority, the E. Bank's title to the deposit against which the check was charged was not impaired thereby, and hence a demurrer to the complaint against defendant and his sureties on his bond for the faithful performance of his duties as cashier, for want of facts, was not frivolous.

Appeal from Special Term, New York County.

Action by George C. Rankin, as receiver of the Elmira National Bank, against John J. Bush and others. From an order striking out a demurrer to the complaint, and directing judgment in favor of plaintiff on the pleadings on the ground that the demurrer was frivolous, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Judson A. Gibson, for appellants.

Edward B. Whitley, for respondent.

HATCH, J. This action was brought upon a bond given by John J. Bush, as principal, and the other defendants, as sureties, conditioned

for the faithful performance by said Bush of his duties as cashier of
the Elmira National Bank. The complaint, after making formal alle-
gations of the incorporation of the Elmira National Bank, its insolven-
cy, and the appointment of the plaintiff as receiver, avers that the de-
fendant John J. Bush was elected cashier of said bank, and that he
gave a bond, conditioned for the faithful performance of his duties,
executed by said Bush as principal, and the other defendants as sure-
ties. That thereafter Bush had a deposit account with the bank until
it suspended business, and the bank had a deposit account with the
Chase National Bank of the city of New York, where it deposited
large amounts, and drew against them. That on or about the 14th
day of February, 1891, Bush gave to the Chase National Bank his
promissory note for $25,000, and on the 5th day of May, 1893, he was
indebted thereon to the Chase National Bank in the sum of $15,000
principal, and $12.50 interest. That on said 5th day of May, 1893,
at the office of the Chase National Bank, in the city of New York,
Bush signed a check, of which the following is a copy, to wit: "New
York, May 5, 1893. Elmira National Bank, Elmira, N. Y.: Pay to
the order of the Chase National Bank, Fifteen Thousand twelve and
⁵⁰/₁₀₀ Dollars. $15,012.50 to ———. [Signed] J. J. Bush." At the
same time he signed the following statement, written across the face
of said check, to wit: "Certified and accepted May 5, 1893. Payable
at Chase National Bank, New York. Elmira National Bank, by J. J.
Bush, Cashier." That thereupon Bush delivered the check to the Chase
National Bank in payment of his indebtedness as aforesaid, the check
was accepted by the bank as such payment, the amount thereof charged
to the Elmira National Bank, and the charge against Bush upon the
books of the Chase National Bank was canceled, and the sum of $15,-
012.50 was thereupon withdrawn from the deposit which the Elmira
National Bank had with the Chase National Bank. That upon the
5th day of May, 1893, the account of Bush in the Elmira National
Bank was overdrawn, and he was without authority to certify the
check as aforesaid, and that said certification was also illegal by reason
of the statutes of the United States. The complaint further averred
that the books of the Elmira National Bank were kept under the direc-
tion of Bush, and that no record was ever made on such books con-
cerning the transaction of the said check of $15,012.50. That the said
false certification was discovered by the receiver within six months
after said May 5, 1893. The complaint further avers that no part of
said sum of $15,012.50 has been returned to the Elmira National Bank
by the Chase National Bank, except the sum of $7,012.50, which was
returned to the plaintiff herein, and that by reason of the dishonest,
unfaithful, fraudulent, and criminal act of said Bush aforesaid, the
Elmira National Bank is damaged in the sum of $8,000, with interest
thereon from said date. Then follows a demand for judgment. To
this complaint the defendants demurred upon the ground that the com-
plaint failed to state facts sufficient to constitute a cause of action, and
from the order overruling the demurrer, and ordering judgment upon
the pleadings, this appeal is taken.

We are of opinion that the demurrer was not frivolous. An order
declaring a pleading frivolous can only be justified where the frivolous-

ness appears from a mere inspection of the pleading, and therefore jus-
tifies the inference that it was interposed in bad faith. If argument
be required to show that the demurrer is bad, then it is not frivolous.
Youngs v. Kent, 46 N. Y. 672. As applied to this pleading, we may
with propriety use the language of Judge Finch in disposing of a simi-
lar question: "In this case the argument has not even satisfied us
that the demurrer was not good." Cook v. Warren, 88 N. Y. 37. It
is apparent from the averments of the complaint that the Chase Na-
tional Bank was a debtor to the Elmira National Bank at the time
when Bush drew and certified the check. The act of Bush was illegal
and void, and the Chase National bank was not authorized to act there-
on, and charge the check to the Elmira Bank, and deduct the amount
thereof from the amount of the deposit in its favor with the Chase
National Bank. Gale v. Chase National Bank, 104 Fed. 214, 43 C. C.
A. 496; Bank of N. Y. N. B. Ass'n v. A. D. & T. Co., 143 N. Y. 559,
38 N. E. 713; Pope v. Bank of Albion, 57 N. Y. 126. The last-men-
tioned bank had notice that the check drawn and certified by Bush
was so drawn and certified for the purpose of discharging a debt held
by the bank against Bush. The bank, therefore, was chargeable with
notice of all the facts, and was bound to challenge the authority of
Bush to make the check and certification in question before it could
safely act thereon. It is a well-settled rule that the general power or
authority given to an agent to act for his principal does not embrace
a case where it appears from the transaction that the agent is a party
acting upon the other side. Under such circumstances, authority to
act will not be upheld unless it appears that the agent was clothed with
such power, and the language conferring it must be so plainly ex-
pressed that no other rational interpretation can be placed upon it.
Bank of N. Y. N. B. Ass'n v. A. D. & T. Co., supra; Clarke Nat. Bank
v. Bank of Albion, 52 Barb. 592; Jacoby & Co. v. Payson, 85 Hun,
367, 32 N. Y. Supp. 1032; Walsh v. Hartford Fire Ins. Co., 73 N. Y.
5. The act of Bush was void and illegal, the Chase National Bank
had notice of facts which put it upon inquiry, and, when it assumed to
give force and effect to the transaction by the transfer of the money,
it did so at its peril. The Elmira National Bank was not divested of
its funds by virtue of this transaction, nor was its title to the money
defeated thereby. Its right to draw upon the fund was not impaired
in the slightest degree. It lost nothing by the transaction, and could
not lose, unless, having knowledge, it ratified the transaction. This it
has never done, but has at all times insisted upon its legal rights.

The argument in favor of the demurrer is to the effect that, as the
Elmira Bank was not deprived of any right or title which it has in its
deposit with the Chase National Bank, therefore it sustained no dam-
age by reason of the act of Bush or of the Chase National Bank.
There is great force in this suggestion, and we are unable to see how
the Elmira Bank could suffer loss through the void act of Bush, and,
so long as title to its moneys was not transferred or impaired, it lost
nothing on account of the transaction. It is said that the Chase Na-
tional Bank withheld the moneys, and refused to pay over the same
upon demand by the Elmira Bank, and that by reason of such act the
Elmira Bank sustained damage. There is no averment in this plead-

ing which shows any such element of damage. If the Elmira Bank suffered any damage on account of the wrongful refusal to pay over the money on demand, it was in its nature special, and would be required to be pleaded in order to be recovered. The wrongful refusal of the Chase National Bank to pay did not change title to the moneys, nor did it in the slightest degree affect the title or impair existing remedies to enforce the rights held by the Elmira Bank. It is evident, therefore, that the demurrer interposed has raised not only an arguable question, but also one which seriously challenges the sufficiency of this complaint.

There are other questions presented by this record, but we do not feel called upon to consider them. The rule in this department is settled by a long series of decisions that a pleading will not be regarded as frivolous unless its insufficiency is apparent upon a bare statement, without argument; and when the trial courts disregard this rule, and adjudge a pleading frivolous, this court has felt constrained to reverse the holding. Manne v. Carlson, 49 App. Div. 276, 63 N. Y. Supp. 162; Bedlow v. Stillwell, 45 App. Div. 557, 61 N. Y. Supp. 371; Dancell v. Goodyear Shoe Machinery Co., 67 App. Div. 498, 73 N. Y. Supp. 875; Vlasto v. Varelopoulos, 73 App. Div. 145, 76 N. Y. Supp. 771. No doubt was thrown upon these decisions in Oakes v. Oakes, 55 App. Div. 576, 67 N. Y. Supp. 427. There the question was waived, and, in supporting the judgment entered upon the order in that case, the court expressly stated that the decision was not to be construed in any sense as a departure from the ordinary rule which obtains when the question is fairly presented.

The order in this case is plainly wrong. It should therefore be reversed, with $10 costs and disbursements. All concur.