(99 App. Div. 514)

SHAW v. FELTMAN et al.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. PLEADING—FRIVOLOUS DEMURRERS.

In order to justify the overruling of a demurrer on the ground that it is frivolous, the demurrer must be not merely without adequate reason, and based on a mistaken view of the pleading demurred to, but must be so clearly without foundation that the defect appears upon mere inspection and without argument.

Appeal from Special Term.

Action by Ellwood Shaw against Charles L. Feltman and another. From an order overruling a demurrer to the complaint on the ground that it was frivolous, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Joseph M. Gazzam, Jr., for appellants.
Maurice Fitz Gerald, for respondent.

WOODWARD, J. The plaintiff has attempted to set forth a cause of action for personal injuries, due to the negligence of the defendants. The defendants have demurred on the ground that the complaint does not set forth facts sufficient to constitute a cause of action, and the plaintiff, under the provisions of section 537 of the Code of Civil Procedure, has moved the court to overrule the demurrer on the ground that it is frivolous, and this motion has been granted. The defendants appeal.

The complaint in this action is certainly not so clear and concise in its statement of facts that there is not room for a reasonable argument in support of the demurrer. The plaintiff has attempted to set out an action both at common law and under the employers' liability act, and, while it may be that under the liberal rules applied to pleadings a good cause of action may be proved under the allegations of the complaint, some of the defects called to our attention upon this appeal are worthy of consideration, and the defendants are entitled to a decision on the question of law raised by their demurrer. It is the province of an appellate court to review actual decisions, and the only question presented by this record is whether the demurrer is frivolous, and we are of opinion that it is not. To justify an order which so determines, or a judgment founded on such decision, the demurrer must be not merely without adequate reason, but so clearly and plainly without foundation that the defect appears upon mere inspection, and indicates that its interposition was in bad faith. If any argument is required to show that the demurrer is bad, it is not frivolous. Cook v. Warren, 88 N. Y. 37, 39, and authorities there cited; Rankin v. Bush, 93 App. Div. 181, 185, 87 N. Y. Supp. 539, and authorities there cited. The mere fact that the defendants may have been mistaken, and that the

¶ 1. See Pleading, vol. 39, Cent. Dig. §§ 1061, 1063.

complaint does state facts sufficient to constitute a cause of action, does not constitute a frivolous pleading. If it did, every demurrer which may be overruled may be set aside on motion, and thus there would never be any direct trial of the issue, and an opportunity to reach a determination upon the merits of a pleading. "The rule in this department is settled by a long series of decisions," say the court in Rankin v. Bush, supra, "that a pleading will not be regarded as frivolous unless its insufficiency is apparent upon a bare statement without argument; and when the trial courts disregard this rule, and adjudge a pleading frivolous, this court has felt constrained to reverse the holding." And we see no reason why this department should assert or maintain a different rule. The order appealed from should be reversed, and the motion denied, with costs.

Order reversed, with $10 costs and disbursements, and motion denied with costs. All concur.