GEORGE C. RANKIN, as Receiver of the ELMIRA NATIONAL BANK, Respondent, *v.* JOHN J. BUSH and HENRY K. BUSH-BROWN, Appellants, Impleaded with FANNY BROOKS BUSH, Defendant.

*Bond of a bank cashier — liability of the sureties thereon where the cashier certifies his own check upon the bank, his account in which is overdrawn, to pay his note held by a third party — when the complaint in an action against them is not demurrable — a decision overruling a demurrer is not appealable.*

The complaint in an action, brought by the receiver of the Elmira National Bank against the sureties upon the bond of one Bush, the cashier of such bank, which was conditioned, among other things, that the sureties should reimburse the bank for any loss sustained by any dishonest, fraudulent or criminal act on the part of Bush, stated two causes of action.

In the first cause of action the plaintiff alleged that Bush had a personal deposit account with the said Elmira National Bank and that the said bank had a deposit account with the Chase National Bank; that on May 5, 1893, Bush was indebted to the Chase National Bank on his individual promissory note in the sum of $15,012.50; that on that day, at the office of the Chase National Bank, Bush signed a check upon the Elmira National Bank in favor of the Chase National Bank for $15,012.50; that he certified said check in his capacity as cashier of the Elmira National Bank and delivered it to the Chase National Bank in payment of his indebtedness to that bank; that the Chase National Bank credited Bush with such payment and charged the amount thereof against the Elmira National Bank; that at the time the check was thus certified and delivered to the Chase National Bank Bush's account in the Elmira National Bank was overdrawn; that the certification of such check was without authority and illegal; that Bush failed to enter the transaction on the books of the Elmira National Bank, and that when it was finally discovered the plaintiff brought an action against the Chase National Bank to recover the said sum of $15,012.50; that such action resulted in a judgment against the Chase National Bank for the sum of $7,012.50 only.

The second cause of action, after repeating the relevant portions of the first cause of action, alleged that before the signature of the check and the certifi-

cation thereof Bush tendered to the Chase National Bank $8,000 in currency and $7,000 in a check or draft of the Elmira National Bank, said tender being made in payment of Bush's promissory note heretofore mentioned; that said currency apparently belonged to Bush; that the Chase National Bank had no knowledge, information or notice that it did not belong to him; that such currency in fact belonged to the Elmira National Bank; that the said tender was rejected by the Chase National Bank, and it was thereupon agreed between the said Bush and the Chase National Bank that said currency and said check or draft should be deposited in the account of the Elmira National Bank with the Chase National Bank, and that said Bush should thereupon in payment of his indebtedness draw and certify the check described in paragraph 9 of the complaint and make it payable as therein stated; that said agreement was made and carried out by the Chase National Bank in good faith and in the belief that the said $8,000 currency and $7,000 check or draft were the property of said Bush, and without knowledge, information or notice that said $8,000 currency was the property of the Elmira National Bank.

*Held,* that neither of the causes of action was demurrable;

That each of them sufficiently alleged a misappropriation by Bush of the funds of the Elmira National Bank to the extent of $8,000, and that the sureties were liable therefor;

That an order upon which is entered an interlocutory judgment overruling a demurrer is in effect a decision and is not appealable.

APPEAL by the defendants, John J. Bush and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of July, 1904, upon the decision of the court, rendered after a trial at the New York Special Term, overruling the separate demurrers interposed by the said defendants to the plaintiff's amended complaint, and also (as stated in the notice of appeal) from an order entered in said clerk's office on the 6th day of July, 1904, directing the entry of the interlocutory judgment appealed from.

*Judson A. Gibson,* for the appellants.

*Edward B. Whitney,* for the respondent.

INGRAHAM, J. :

This case was before this court upon an appeal from an order overruling the defendants' demurrer to the complaint as frivolous and directing that judgment be entered thereon for the plaintiff. (93 App. Div. 181.) Upon that appeal it was held that the demurrer was not frivolous, as its insufficiency did not appear upon a bare

inspection of the complaint without argument. After this decision the complaint was amended; to this amended complaint the defendants again demurred, which demurrer was overruled, and from the interlocutory judgment overruling the demurrer the defendants appeal.

The action is to enforce a bond given by the defendant John J. Bush as principal, and the other defendants as sureties, a copy of which is annexed to the complaint. By this bond the defendants were held and firmly bound unto the Elmira National Bank of Elmira in the sum of $20,000. The condition of the obligation was that whereas the defendant John J. Bush had been by the directors of the said bank elected cashier of the said bank and as such cashier would be intrusted with divers sums of money and other things, the property of said bank, or for whose safe custody the said bank would be responsible, and would be invested with the usual power and authority of cashiers of national banks, if the said Bush should well and truly, honestly and faithfully discharge his duties as such cashier and should faithfully account for all sums of money that might come into his hands as such cashier and should, at the expiration of his said office, render a faithful and true account of his trust to said bank, and pay and deliver over to his successors in office or to said bank, or to its president, or other person duly authorized to receive the same, all moneys, securities and other property which he might have in possession as such cashier, and if said Bush in all respects should behave as such cashier during his continuance in office entirely honestly and faithfully, the obligation was to be void. The bond also contained this provision: "It being understood by and between the above bounden Fanny B. Bush and Henry K. Bush-Brown sureties, and the said The Elmira National Bank that to the extent of the said sum of Twenty thousand dollars they and each of them shall make good and reimburse to the said bank all and any pecuniary loss sustained by the said bank, or for which said bank may be responsible, of money, securities or other property in the possession of the said cashier, or for the possession of which he is responsible, by any act or fraud or dishonesty on the part of said cashier in connection with the duties hereinbefore referred to, or the duties to which, in the service of the said bank, he may be subsequently appointed and occurring during the con-

tinuance of this bond and discovered during said continuance, or within six months thereafter, or within six months from the death or dismissal or retirement of the said cashier, John J. Bush, from the service of the said bank. And further that this bond is given to secure the said bank generally to the extent of the sum of Twenty thousand dollars against all dishonest, fraudulent and criminal acts on the part of the said cashier." There are two causes of action alleged.

In the first cause of action the complaint alleges that John J. Bush having been duly appointed cashier, and his bond having been duly executed and delivered, he thereafter and until the suspension of the bank continued to act as cashier; that during said period he had a personal deposit account with said bank, and the said bank had a deposit account with the Chase National Bank, a national banking association situated in the county of New York; that on February 14, 1891, the said Bush gave to the said Chase National Bank his promissory note in writing, payable to the Chase National Bank on demand, for the sum of $25,000, and on May 5, 1893, he was indebted thereon to the Chase National Bank in the sum of $15,000 principal and $12.50 interest; that on May 5, 1893, at the office of the said Chase National Bank in the city of New York, the said Bush signed a check upon the Elmira National Bank whereby he directed that bank to pay to the order of the Chase National Bank $15,012.50, and wrote across the face of that check:

"Certified and accepted May 5, 1893.
"Payable at Chase National Bank, New York.
"ELMIRA NATIONAL BANK, by J. J. BUSH, *Cashier.*"

That the said defendant Bush delivered said check to the Chase National Bank in payment of his indebtedness with that bank, and said check was accepted by the Chase National Bank as such payment, the amount thereof charged by it in the account with the Elmira National Bank, and the charge against the said Bush on the books of the Chase National Bank canceled; that at the time the said check was thus certified and delivered to the Chase National Bank the account of Bush in the Elmira National Bank was overdrawn, and that he was without authority to accept or certify any check on

APP. DIV.—VOL. CII.    33

said. bank in his own favor\*; and said certification was also illegal by reason of the statute of the United States (22 U. S. Stat. at Large, 166, § 13); that the books of the Elmira National Bank were kept under the direction of the said Bush as cashier thereof, but that said check for $15,012.50 was not credited to the Chase National Bank or charged to said Bush upon the books of the bank, nor was any note of the transaction made upon said books, nor was the same brought to the attention of the directors of the Elmira National Bank; that said illegal certification was discovered by the receiver of the Elmira National Bank within six months after May 5, 1893; that thereafter the receiver demanded the said sum of the Chase National Bank, which refused to pay the same or any part thereof and the plaintiff, therefore, alleges that the Elmira National Bank and the receiver thereof were damaged to the amount of $15,012.50, with interest thereon from May 5, 1893; that thereafter and on or about the 12th day of July, 1898, the receiver of the Elmira National Bank commenced an action in the Circuit Court of the United States against the Chase National Bank to recover the said sum of $15,012.50; that the Chase National Bank defended said action, setting up in its answer that the said check delivered by said Bush to the Chase National Bank was charged by said bank to the account of the Elmira National Bank only as an offset to a credit written in the account of said bank; that the said action was brought on for trial in the United States Circuit Court and resulted in a judgment in favor of the receiver against the Chase National Bank for the sum of $7,012.50 only, with interest thereon from May 5, 1893, and in favor of said defendant and against the plaintiff for the balance of the demand in said action, and judgment was entered upon said verdict in favor of the plaintiff and against the defendant for the sum of $7,012.50 and interest, leaving $8,000 and interest from May 5, 1893, of the amount lost by said unlawful certification of the defendant Bush unpaid; and the plaintiff demands judgment in this action for the sum of $8,000.

As cashier of the Elmira National Bank the defendant Bush had charge of the accounts between that bank and the Chase National Bank. He also had charge of the money and property of the Elmira National Bank and had charge of its books. He delivered to the

---

\* See U. S. R. S. § 5208.— [REP.

Chase National Bank a check accepted by the Elmira National Bank, which authorized the Chase National Bank to charge the amount of that check against the account of the Elmira National Bank with the Chase National Bank; suppressed information of such a charge from the officers of the bank of which he was cashier, and failed to enter in the books of the Elmira bank any reference to this transaction, and thus enabled the Chase National Bank to appropriate the property and money of the Elmira bank to the payment of his check; and the result of this transaction is that the Chase National Bank had been enabled to appropriate $8,000 of the money of the Elmira National Bank to the payment of Bush's individual debt with the Chase National Bank. That this was a gross breach of his trust cannot be disputed, and upon these allegations it is clear that the result of this breach of trust has been a loss to the Elmira National Bank of $8,000. The receiver has attempted to recover this sum from the Chase National Bank, but has failed because of the manipulation of the funds of the Elmira National Bank in its relations with the Chase National Bank by the cashier, and I think there is thus pleaded a direct allegation of a misappropriation by the cashier of the funds of the Elmira National Bank for which his sureties are responsible. Just how the cashier accomplished this result is immaterial. If in violation of his duty as cashier of the bank he applied the property of the bank, or its credit with the Chase National Bank, to the payment of his individual debts, and thus fraudulently misapplied the funds of the bank of which he was cashier, it was a direct loss to the Elmira National Bank caused by the illegal and wrongful act of the cashier, for which the cashier and his sureties are responsible.

There is also a second cause of action which repeats the allegations of paragraphs 1 to 12 of the complaint as a part of that cause of action, and further alleges that on May 5, 1893, before the signature of the check and certification set forth in paragraph 9 of the complaint, the said Bush tendered to the Chase National Bank $8,000 in currency and $7,000 in a check or draft of the Elmira National Bank, said tender being made in payment of the principal of Bush's promissory note set forth in paragraph 8 of the complaint; that said currency apparently belonged to Bush; that said Chase National Bank had no knowledge, information or notice that it did

not belong to Bush, but that it belonged to the Elmira National Bank and had been taken by Bush from the funds of said bank ; that the said tender was rejected by the Chase National Bank, and it was thereupon agreed between the said Bush and the Chase National Bank that said currency and said check or draft should be deposited in the account of the Elmira National Bank with the Chase National Bank, and that said Bush should thereupon in payment of his indebtedness draw and certify the check described in paragraph 9 of the complaint and make it payable as therein stated ; that said agreement was made and carried out by the Chase National Bank in good faith and in the belief that the said $8,000 currency and $7,000 check or draft were the property of said Bush, and without knowledge, information or notice that said $8,000 currency was the property of the Elmira National Bank.

There is here a direct allegation that Bush appropriated $8,000 in currency, the property of the bank of which he was cashier, to the payment of his own indebtedness. This was a misappropriation or embezzlement of the funds of the bank for which Bush was responsible, and for which the plaintiff is entitled to recover from Bush and his sureties.

It follows, therefore, that the judgment appealed from must be affirmed, with costs, with leave to the defendant to withdraw the demurrer and answer within twenty days, upon payment of costs in this court and in the court below.

There is also an appeal from what is designated the order entered overruling the demurrer interposed by the defendant to the amended complaint and directing that an interlocutory judgment be entered. In effect, this order is a decision determining a question of law and directing the judgment to be entered. As no appeal can be taken from such a decision, the appeal therefrom must be dismissed, with ten dollars costs.

Van Brunt, P. J., O'Brien, Hatch and Laughlin, JJ., concurred.

Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and to answer on payment of costs in this court and in the court below. Appeal from decision dismissed, with ten dollars costs.