Emma Buongierno, as Administratrix, etc., of Ruggiero Buongierno, Deceased, Respondent, v. Theresa Schiller, Appellant, Impleaded with George Schiller.

*Fraudulent conveyance — judgment canceling deed of real estate as made to defraud a creditor — insufficient evidence of fraud of grantee — new trial.*

Appeal by the defendant Theresa Schiller from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 28th day of June, 1904.

HIRSCHBERG, P. J.: The judgment declares that a certain deed of real estate executed by the defendant George Schiller to the appellant, Theresa Schiller, is null and void and should be canceled of record. This judgment is, founded upon a decision that the deed was made by the grantor for the purpose of hindering and delaying and defrauding a creditor, namely, the plaintiff's decedent. The grantee alone appeals. There is no finding that the deed was accepted by the grantee with a fraudulent intent, or that the grantee knew or shared in the fraudulent intent of the grantor. While there is some slight evidence in the record on which such a finding might possibly be based, we think it best under the circumstances that a new trial should be granted. (See *Wadleigh* v. *Wadleigh*, 111 App. Div. 367.) Woodward, Jenks and Rich, JJ., concurred. Judgment reversed and new trial granted, costs to abide the final award of costs.

Joseph D. Hildreth, Respondent, v. Mercantile Trust Company and Others, Appellants, Impleaded with Another.

*Pleading — demurrer not disposed of as frivolous when bare inspection does not show bad faith — merits not considered.*

Appeals by the defendants, the Mercantile Trust Company and Others, from an order of the Supreme Court, entered in the office of the clerk of Suffolk county on the 22d day of January, 1906.

JENKS, J.: We are of opinion that the demurrer is not so plainly bad as to require no argument to show it so, and that bare inspection of the pleading indicates that it was made in bad faith. Therefore, it cannot be disposed of as frivolous. (*Cook* v. *Warren*, 88 N. Y. 37; *Strong* v. *Sproul*, 53 id. 497; *Shaw* v. *Feltman*, 99 App. Div. 514.) The learned counsel for the respondent contends that we should go beyond the question of frivolousness to the merits, but under our decision in *Shaw* v. *Feltman* (*supra*) we think that we should not do so. The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with costs. Woodward, Gaynor and Rich, JJ., concurred. Order reversed, with ten dollars costs and disbursements, and motion denied, with costs.