(118 App. Div. 658)

### NACHOD et al. v. HINDLEY.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

1. INDEMNITY—CONSTRUCTION—ACTIONS—COMPLAINT—COMPENSATION — DEDUCTIONS AND OFFSETS.

By the terms of a contract plaintiffs were to make certain advances to a corporation, and all sales of the latter's goods were to be made by plaintiffs, and all accounts were payable to them; the balance over advances and commissions to be remitted from time to time to the corporation, and losses through bad accounts to be shared equally by the parties. Subsequently defendant contracted with the plaintiffs, guarantying to hold them harmless from any losses which might arise to them out of

any business transaction which they had had or might have with the corporation. *Held,* that the title to the accounts for goods sold was in the plaintiffs, and a complaint in an action to recover on the contract of guaranty was defective which did not show that the plaintiffs had been and would be unable to realize from the accounts the advances made to the corporation.

2. JUDGMENT—PLEADINGS.

A judgment may be based upon an order overruling a demurrer to a separate defense.

3. PLEADING—AMENDMENT—WITHDRAWAL OF DEMURRER—INTERLOCUTORY JUDGMENTS.

Where a judgment was entered overruling a demurrer to a separate defense and leave given plaintiffs to serve an amended complaint, they should be permitted to withdraw their demurrer.

Appeal from Special Term, New York County.

Action by Friedrich Nachod and others against Charles T. Hindley. From an interlocutory judgment overruling a demurrer (101 N. Y. Supp. 840), plaintiffs appeal. Judgment modified and affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

George T. Hogg, for appellants.
Wilfrid N. O'Neil, for respondent.

McLAUGHLIN, J. In January, 1904, plaintiffs' firm, as then composed, entered into an agreement with the English-Greene Company, a domestic corporation of which the defendant was secretary, under which they were to make certain advances to the Greene Company and all sales of its goods were to be made through them, they were to send out all goods sold, and all accounts were payable to them, the balance over advances and commissions being remitted by them from time to time to the Greene Company; and they were to have a 20 per cent. margin at all times of all outstanding accounts, and, in case of the failure of any of the customers to pay their bills, the loss was to be shared equally between the plaintiffs and the Greene Company. In February, 1904, the defendant entered into an agreement with the plaintiffs, of which the following is a copy:

"New York, February 4th, 1904.

"Messrs. Knauth, Nachod & Kuhne, 13 William Street, City—Gentlemen: Referring to the memorandum of agreement which the English-Greene Company, Inc., signed with you on January 25th, 1904, I hereby confirm to you that I, as an officer in the said company, guarantee hereby to personally hold you harmless for any losses which may arise to you out of any business transactions which you have had or may have with the English-Greene Company, Inc., in consideration of your continuing advancing money to the said corporation.

"Yours truly, Charles T. Hindley."

In May, 1906, the plaintiffs brought this action, predicating their right to recover upon the agreement just quoted. The complaint sets out the agreement, also the agreement with the English-Greene Company, and alleges that the plaintiffs made large advances to such company pursuant to the agreement, that some $6,000 thereof remains unpaid, and that the company is insolvent and has been adjudicated a bankrupt.

As a separate defense the answer alleges that all of the accounts for goods sold and delivered by the Greene Company were assigned from time to time to the plaintiffs, who, under the agreement, were to collect the same and reimburse themselves for the advances made, bearing one-half of the loss if any proved uncollectible; that the plaintiffs still hold various accounts, the number and amount being unknown to defendant, all or most of which are collectible, and could have been collected with due diligence, but plaintiffs have failed and neglected to collect the same; that they have brought no actions against the parties owing the accounts, nor taken the proper and necessary steps to collect the same, and have not exhausted their remedies, either against the parties owing the accounts or against the Greene Company.

The plaintiffs demurred to this defense upon the ground that it was insufficient in law upon the face thereof. The demurrer was overruled, and leave given to the plaintiffs, upon payment of costs, to serve an amended complaint. An interlocutory judgment was entered to this effect, from which plaintiffs appeal.

I am of the opinion that the demurrer was properly overruled. The obligation assumed by the defendant was that of a guarantor. His agreement, of course, must be read in connection with the plaintiffs' agreement with the Greene Company, to which it expressly refers. His guaranty, it seems to me, binds him to repay to the plaintiffs all losses sustained by them arising under that agreement     All accounts for goods sold by the Greene Company were sent out in the name of the plaintiffs, and all payments for such goods were made to them, and, after deducting their advances (which it was provided should not be more than 80 per cent. of the amount of such bills), they were to remit the balance to the company, and no loss can be said to have occurred, within the meaning of the agreement, until the accounts collected fail to realize the amounts advanced by the plaintiffs upon them. The agreement clearly contemplated, as it seems to me, that the bills were to be collected by the plaintiffs. They delivered the goods to the customers of the Greene Company. All bills were sent to such customers in their name, and the customers paid the bills to them. The title to these claims was in the plaintiffs, and they were obligated by reason of the arrangement between them and the Greene Company to collect the bills in so far as they reasonably could.

The complaint is defective, in that it does not show that the plaintiffs have been and will be unable to realize from the accounts the advances made to the Greene Company, and for which a recovery is sought in this action. If the plaintiffs still have in their hands accounts from which they can realize the amounts sought to be recovered, then they cannot maintain the action, and for that reason the defense pleaded is a complete, and not a partial, defense. This seems to have been the view of the court at Special Term, inasmuch as leave was given to the plaintiffs to serve an amended complaint.

Appellants also contend that the judgment is erroneous, in that it is not based upon a decision; but the order overruling the demurrer and directing an interlocutory judgment is, in effect, a decision, and is the basis of the judgment. Rankin v. Bush, 102 App. Div. 510, 92 N. Y. Supp. 866, affirmed 182 N. Y. 524, 74 N. E. 1125; Garrett

v. Wood, 57 App. Div. 242, 68 N. Y. Supp. 157; Morse v. Press Pub. Co., 49 App. Div. 375, 63 N. Y. Supp. 423.

The judgment, however, is erroneous, in so far as it does not permit the plaintiffs to withdraw the demurrer. National Contracting Co. v. Hudson River Water Power Co., 110 App. Div. 133, 97 N. Y. Supp. 92. Before the plaintiffs can serve an amended complaint, they must withdraw their demurrer.

The judgment appealed from, therefore, should be modified by permitting the plaintiffs to withdraw their demurrer, and, as thus modified, affirmed, without costs to either party on this appeal. All concur.