ELLWOOD SHAW, Respondent, *v.* CHARLES L. FELTMAN and ALFRED
FELTMAN, Appellants.

Second Department, October 4, 1907.

**Master and servant — negligence — pleading matters of defense.**

In an action against a master to recover for injuries received through negligence,
it is not necessary for the plaintiff to allege that the accident did not result
from a risk assumed by him and was not due to the negligence of fellow-serv-
ants; these are matters of defense which the plaintiff is not required to negative
in his complaint.

A complaint in an action by a servant against his master to recover for injuries
received by the fall of a skylight, which alleges that the glass fell because
of the defective, ruinous, broken and dangerous condition in which it was
maintained by defendant with full knowledge, states a cause of action.

APPEAL by the defendants, Charles L. Feltman and another, from
an interlocutory judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of Kings
on the 21st day of February, 1907, upon the decision of the court,
rendered after a trial at the Kings County Special Term, overruling
the defendants' demurrer to the complaint.

*Joseph M. Gazzam, Jr.,* for the appellants.

*Sol. A. Cohn,* for the respondent.

Interlocutory judgment affirmed, with costs, on the opinion of
Mr. Justice KELLY at Special Term.

WOODWARD, JENKS, HOOKER, GAYNOR and RICH, JJ., concurred.

The following is the opinion delivered at Special Term:

KELLY, J.:

The parties occupied the relation of master and servant, and the
plaintiff, the servant, sues the defendants, the masters, for damages
resulting from their alleged negligence. On a demurrer he is
entitled to have the facts stated in the complaint taken as true, and
all reasonable inferences are to be resolved in his favor. The
defendants say the complaint does not state facts sufficient to con-
stitute a cause of action; that there is no sufficient allegation of

negligence or lack of contributory negligence. Defendants claim that the complaint should contain averments that the accident did not result from a risk assumed by the servant, and that the accident was not due to the negligence of fellow-servants. These last two contentions are clearly wrong. Plaintiff is not obliged to plead either of the propositions advanced. They are matters for defendant to allege or to prove on the trial. (*Rooney* v. *Brogan Construction Co.*, 107 App. Div. 258.) There are decisions holding that a complaint in a negligence action is good without an allegation of absence of contributory negligence, and that the defendant must plead in his answer that the negligence is the negligence of fellow-servants. I do not agree with these decisions, but I refer to them as evidencing the view which the courts take of these matters, the object being to arrive at a just determination of the action on the merits. Plaintiff must allege that the defendants were guilty of negligence, but he is not called upon to plead all the details of the evidence and negative every possible defense which may be interposed.

This demurrer was stricken out as frivolous, but the order was reversed by the Appellate Division. (*Shaw* v. *Feltman*, 99 App. Div. 514.) The Appellate Division did not, however, pass upon the sufficiency of the complaint.

Judged by the standards laid down in innumerable decisions and giving the plaintiff the benefit of the facts and reasonable inferences, I think the complaint is good. He says he was employed by the defendants to work in a kitchen in a building owned and controlled by defendants in Coney Island; that there was a skylight over the kitchen and that the skylight and the glass therein were in a defective, ruinous and dangerous condition, of all of which the defendants had notice; that a piece of glass fell from the skylight, coming in contact with plaintiff and injuring him. It may be that the mere allegation that the glass fell, without a distinct averment that it fell by reason of the defective and dangerous condition alleged, would not be sufficient, but this very fact is set forth in paragraph 8. It is there stated that the glass fell because of the defective and ruinous and broken condition in which it was maintained by defendants with full knowledge — a condition described as "dangerous." A master cannot put his servants to work in a

place known to him to be dangerous, unsafe and with defective skylights and ceilings liable to fall and injure the employee without incurring liability. · If the servant knew of the condition, if he assumed the risk, if he was guilty of contributory negligence, if it was a risk incident to his employment, or if the accident happened by reason of his own or his fellow-servants' negligence, he cannot recover; but all these things are matters of proof. I think the complaint is good.

Demurrer overruled, with leave to defendants to answer upon payment of costs.