### NORTHERN BANK OF NEW YORK v. BECKER.

(Supreme Court, Appellate Term. January 27, 1910.)

PLEADING (§ 350*)—FRIVOLOUS ANSWER—DETERMINATION—IMPROPRIETY OF AFFIDAVITS.

> On motion for judgment on the pleadings, whether an answer is frivolous must be determined from the pleading itself, and resort cannot be had to affidavits.

> [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1073; Dec. Dig. § 350.*]

Appeal from City Court of New York, Special Term.

Action by the Northern Bank of New York against Louis Becker. From an order directing judgment for plaintiff upon the pleadings, and from the judgment for plaintiff, defendant appeals. Reversed and remanded, with leave to defendant to amend, and with leave to plaintiff to renew its motion for judgment on defendant's failure to amend and pay costs.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

M. A. Lesser, for appellant.

Gifford, Hobbs & Beard (Charles A. Voetsch, of counsel), for respondent.

GIEGERICH, J. A motion was made in the lower court by the plaintiff for judgment upon the pleadings, under section 537 of the Code of Civil Procedure, upon the ground that the answer was frivolous. The notice of motion was accompanied by an affidavit which states that:

> "It is made in support of a motion for an order directing judgment for plaintiff herein on the ground that the answer to the complaint herein is frivolous."

The order made and entered upon the motion also recites that it was made "upon reading and filing the affidavit," etc. The rule is well settled that a pleading cannot be declared to be frivolous, unless it so appears by a mere inspection.

> "Whether a pleading is or is not frivolous must be determined by an inspection thereof, and the practice of interposing affidavits for or against the pleading cannot be sustained." Dancel v. Goodyear, etc., Co., 67 App. Div. 498, 73 N. Y. Supp. 875.

> "A pleading will not be regarded as frivolous, unless its insufficiency is apparent upon a mere statement without argument." Rankin v. Rush, 93 App. Div. 181, 185, 87 N. Y. Supp. 539, 542.

In the case at bar, the affidavit used on the motion contains not only a restatement of the allegations set forth in the answer, but it also

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contains a conclusion drawn from such restatement as to the sufficiency of the answer and hence its use was error. The answer is clearly bad and insufficient in law; but, as before stated, the use of the affidavit was error, for which the judgment and order must be reversed, without costs, with leave to the appellant to move to amend his answer within five days upon payment of costs in the lower court to the date of such motion, leaving the plaintiff, upon failure of the defendant to so pay such costs and make such motion, to again move for judgment. All concur.