### ROGERS v. BUTLER.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

CHANGE OF VENUE.

> Where the complaint in a libel suit against the publisher of a newspaper shows that the paper is published in Buffalo, and is circulated and read throughout the state and United States, but does not allege its publication in the county of New York, and the only substantial question of fact is the question of damages, and all the witnesses except plaintiff reside in Buffalo, a change of venue will be granted from New York to Erie county.

Appeal from special term, New York county.

Action for libel by Florence E. Rogers against Edward H. Butler. From an order denying a motion for change of venue, the defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

John Laughlin, for appellant.
John M. Stearns, for respondent.

INGRAHAM, J. The action is to recover damages for a libel against the defendant, as the owner, editor, and proprietor of a paper called the "Buffalo Evening News," published in the city of Buffalo. The plaintiff alleges that the said newspaper was widely circulated, and sold in large numbers by the defendant, and was extensively read by all classes of people in the city of Buffalo, and throughout the state of New York and the United States of America. There is no allegation of any publication in the county of New York. The answer admits the circulation and publication of the newspaper as alleged, but denies that the article published is a libel. There is no justification, and, upon the pleadings, the substantial question of fact on the trial will be to ascertain the amount to which the plaintiff is entitled as the damages that she has sustained in consequence of the publication. The libel was published in Buffalo, and the only witnesses required, except the plaintiff, would be residents of Buffalo or that vicinity; and, under these circumstances, we think that Erie county is the proper place of trial.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted. All concur.