Green, 14 Hun, 529. I think that the court did not intend to, and in fact did not, by the provision as to judgment, restore the action so as to nullify the formal agreement for a discontinuance, but merely inserted the provision that the action might live so far as was necessary to carry the reference therein provided for. Otherwise there would be the anomaly of a reference at the foot of a discontinuance. And I think that upon the record the agreement or stipulation fixed and determined the right of the plaintiff to any costs or allowances in the partition action adversely to him. Such was the view of the plaintiff, for it appears from the record on the appeal from the order in this case (Valentine v. Stevens, 86 App. Div. 481, 83 N. Y. Supp. 775) that the plaintiff, with reference to this very order of the court, deposed:

"It will be seen by reference to said order that it was made without prejudice to the claims of deponent, as attorney, for costs, allowance, and compensation for services. It appearing subsequently that no costs or allowances were to be collected by either party as against the other, the question of costs and allowances (on which deponent would have had a lien only) became entirely superfluous and immaterial, and the question was one only of compensation between deponent and his client, the plaintiff in the partition action."

And the learned plaintiff in his printed points argued to this court that:

"The fact that the referee used the words 'costs and allowances' in connection with the word 'fees' is mere surplusage. * * * It was clear that he intended to decide, and did decide, only how much compensation plaintiff had earned in the partition action. That was all he could decide as to this claim in either action. As the parties to the partition action had stipulated neither should have costs as against the other, there could be no claim of plaintiff to be enforced against defendants in the partition action by lien on the costs, and the word 'compensation' covered the whole matter."

The judgment, so far as appealed from, is reversed, and a new trial is ordered, costs to abide the final award of costs, upon the issue of the right of the plaintiff to receive any costs or allowances for services in the partition suit. All concur.

---

(109 App. Div. 581)

### MacCORMAC v. TOBEY.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

LIBEL—VENUE.

Where, in an action for a libel published in a newspaper, no justification was alleged, and there was no allegation that there was a publication of the libel outside of D. county, where the paper was in general circulation, the case should be tried in that county; the only questions involved being whether the article was a libel and the amount of plaintiff's damages.

Appeal from Special Term, New York County.

Action by Paul MacCormac against Arthur G. Tobey. From an order denying a motion to change the place of trial from New York to Dutchess county, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRA-HAM, LAUGHLIN, and HOUGHTON, JJ.

W. E. Hoysradt, for appellant.

B. L. Kraus, for respondent.

INGRAHAM, J. This action was brought against the defendant, as owner and publisher of a newspaper called the "Sunday Courier," published in Poughkeepsie, Dutchess county, N. Y., to recover damages for a libel. The complaint alleges that the newspaper was published in Poughkeepsie, and that the said paper is of general circulation in that city and the vicinity. There is no allegation that there was a publication of the libel outside of the county of Dutchess. We held in Rogers v. Butler, 71 App. Div. 613, 75 N. Y. Supp. 536, and in Woolworth v. Klock, 92 App. Div. 142, 86 N. Y. Supp. 1111, that an action for libel should be tried in the county in which the newspaper is published and circulated. Whatever damages the plaintiff sustained in consequence of such publication arose from the publication in the county in which the newspaper was circulated. There is no justification alleged, and the only questions to be determined are whether or not the article published is a libel, and, if it is, the amount of the plaintiff's damage. The question as to whether the article published is a libel is a question of law; and the plaintiff's damage, if any, can be more conveniently ascertained in Dutchess county, where the paper is circulated.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted. All concur.