■ POLICE BENEVOLENT ASSOCIATION OF THE NEW YORK STATE POLICE, INC., Respondent, v. POST-STANDARD COMPANY et al., Appellants.— Order, entered on December 3, 1962, denying defendants' motion for a change of venue to Onondaga County, unanimously reversed, on the law, and the facts, and in the exercise of discretion, with $20 costs and disbursements to appellants, and the motion granted, with $10 costs. Defendants publish a daily newspaper in Syracuse, Onondaga County. The issues of the newspaper dated February 22, 1962 contained an article allegedly libelous of plaintiff, and to recover damages therefor it brought this action in New York County, where plaintiff maintains its principal office. The total net paid circulation of all editions of the newspaper dated February 22, 1962 was 96,677, of which 58,140 was attributable to Onondaga County and only 96 to New York County. The complaint itself, though particularizing areas in which the newspaper was circulated, omits mention of New York County. In the circumstances, and as additionally a showing is made that trial in Onondaga County would serve the convenience of witnesses (see *Slavin* v. *Whispell*, 5 A D 2d 296), a change of venue to that county is indicated (*Woolworth* v. *Klock*, 92 App. Div. 142; *MacCormac* v. *Tobey*, 109 App. Div. 581; *Alexander* v. *Brooklyn Eagle*, 280 App. Div. 929, affg. 114 N. Y. S. 2d 5; *Condon* v. *Schwenk*, 10 A D 2d 822). Concur—Botein, P. J., Valente, McNally, Eager and Bastow, JJ.

■ ARRIGO BOITO, Appellant, v. DAVID TUKMAN, Respondent.— Order, entered on April 17, 1963, denying the application of the plaintiff for a special rule preference in this action for personal injuries, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to appellant, and preference granted, with $10 costs. Considering the nature and the extent of the injuries claimed to have resulted from the accident, and the special damages alleged to have been sustained, and in view of the medical reports presented by plaintiff on the application, there was presented a prima facie case of a "permanent or protracted disability" to warrant the granting of a preference. (See Supreme Court Bronx and New York County Rules, rule IX, subd. 3; also *Flink* v. *Hospital for Joint Diseases*, 18 A D 2d 906 and cases cited.) Concur—Botein, P. J., Valente, McNally, Eager and Bastow, JJ.