Bertram Harnett, J.
On April 20, 1969, the defendant, Advance Publishers, Inc., published an article in its newspaper, the Staten Island Sunday Advance, which the plaintiff, Joseph Rae, claims libelled him. Mr. Rae, a Nassau County resident, brought suit for libel in the Nassau County Supreme Court.
Defendants now move to change the place of trial from Nassau County to Richmond County. The moving affirmation urges as the grounds for changing the place of trial that the Staten Island Sunday Advance is published and circulated in Richmond County, and that the convenience of material witnesses and the ends of justice will be promoted by the change.
The motion is denied and the venue retained in Nassau County.
The plaintiff lives in Nassau County. Under CPLR 503 (subd. [a]), the plaintiff is legally entitled to bring suit in the county in which he lives. Since he lives in Nassau County, the venue is properly laid there.
If the defendants wish a change in venue, their remedy lies in a motion pursuant to CPLR 510. This is a matter within the discretion of the trial court (Yeomans v. Malen, 20 A D 2d 615; Palmer v. Chrysler Leasing Corp., 24 A D 2d 820) and is framed by CPLR 510, which provides:
“ § 510. Grounds for change of place of trial.
The court, upon motion, may change the place of trial of an action where:
1. the county designated for that purpose is not a proper county; or
2. there is reason to believe that an impartial trial cannot be had in the proper county; or
3. the convenience of material witnesses and the ends of justice will be promoted by the change. ’ ’
Since the plaintiff lives in Nassau County, his designation for place of trial could not be improper under CPLR 510 (subd. 1) (Condon v. Schwenk, 10 A D 2d 822).
There has been neither a claim nor a showing that the defendants could not receive an impartial trial in Nassau County, as described in CPLR 510 (subd. 2). To the contrary, there has *794 been a reasonable suggestion by the plaintiff that there would be difficulty in obtaining an impartial trial in Richmond County where the defendant newspaper has general circulation and enjoys considerable local prominence (cf. Clausi v. Hudson Cement Co., 26 A D 2d 872).
Notwithstanding their articulated claim, defendants have failed to make the factual showing as to the convenience of material witnesses and the ends of justice necessary to cause invocation of CPLR 510 (subd. 3). The defendants have not indicated any names and addresses of the witnesses whose convenience would be served by the change of trial, nor the substance of any testimony to be elicited from them. These showings must be made in order to obtain a change of the place of trial (Weinstein v. Kiamesha Concord, 28 A D 2d 925; Francis v. Jenks, 28 A D 2d 1007).
It would appear then that the defendants do not actually base their claim for relief under CPLR 510 inasmuch as they have not made, or attempted to make, any showing of the existence of the grounds for the change delineated in that statute. Instead, they rely on a number of cases which they claim require that a trial for newspaper libel should be tried in the county in which the newspaper is published and circulates.
These cases essentially stem from the 1905 case of MacCormac v. Tobey (109 App. Div. 581). There, the Appellate Division reversed the denial of a motion to change the venue of an action from New York County to Dutchess County, stating that an action for a libel in a Poughkeepsie newspaper should be tried in the county where the newspaper is published and distributed. The court reasoned that the (p. 582): “plaintiff’s damage, if any, can be more conveniently ascertained in Dutchess County, where the paper is circulated.” Rogers v. Butler (71 App. Div. 613) and Woolworth v. Klock (92 App. Div. 142 [1904]) were cited as principal authority. Rogers involved a change of venue from New York County to Erie County. In Woolworth, the court granted a change of venue from New York County to Ulster County. The thrust of these cases is that where the damage of a libel is localized by publication in a particular geographic area, it should be tried where it occurred because the witnesses will necessarily be residents of the area. The distances involved in the Woolworth and Rogers cases, and indeed the MacCormac case itself, were far more significant at the turn of the Twentieth Century than is the travel and communicating distance between Nassau and Richmond today.
Condon v. Schwenk (10 A D 2d 822, supra) involved a publication of a claimed libel arising out of a public hearing before *795 the Zoning Board of Appeals of Southampton Village. The court held that the case ought to be tried in Suffolk County because the controversy was over a local public proceeding, and that the convenience of a number of essential witnesses was involved, and that the plaintiff had in his complaint stated that he was acting on behalf of himself and other residents of the Village of Southampton. The plaintiff’s claim that his convenience and that of other witnesses would be better served by holding the trial in New York County was nullified by his own statements in his own complaint. The court expressly directed the change of venue based on ‘ ‘ -the convenience of witnesses and the ends of justice ’ ’, citing the predecessor statute to CPLR 510 (subd. 3). Interestingly, the court characterized the MacCormac kind of case in these terms (p. 822): “ There is at least a strong suggestion in some of the cases that such an action should be tried in the county where the libel occurred.” This is hardly an authority, as defendants argue, to mandate a court’s discretion, particularly in the face of a very plain statute. Finally, it is alleged and admitted that at least a handful of issues of the Staten Island Sunday Advance are circulated in Nassau County. That being the case, even for one issue, publication of the libel, if any, also occurred in Nassau County.
In Police Benevolent Assn. v. Post-Standard Co. (20 A D 2d 523) the Appellate Division reversed the denial of the Police Benevolent Association’s motion to change the venue of the proceeding from New York County to Onondaga County. The court held that the convenience of witnesses would be served if the trial were held in Onondaga County. It is clear enough that the distances involved between Syracuse and New York City are far more substantial than those between Staten Island and Nassau County.
In the opinion of this court, the plaintiff has brought his action in a proper place. In the further opinion of this court, the defendants have failed to bring themselves within any of the three saving subsections of CPLR 510 for changing the place of trial of the action. It is the CPLR which effectively establishes the venue rules (see Condon v. Schwenk, 10 A D 2d 822, supra).
Nor does the defendants’ appeal to the old line of cases stemming from MacCormac v. Tobey (109 App. Div. 581, supra) prove availing. In the first place, those cases do not require the automatic placement of venue in the county of publication or of circulation. It is plainly indicated in MacCormac (supra) that the reason the venue there was shifted to the county of publication or circulation, which was all in one county, was based on a *796 convenience in making proof. They turn on a good reason for change. For those who savor technical rules of old common-law actions, reposing confidence in the incidents of so-called transitory actions, what escape is there from the fact that the claimed libel was, in fact, circulated -in Nassau County. MacCormac (supra) after all, involved a situation where there was no allegation of publication of the libel outside Dutchess County. Strictly speaking, in this case a publication in Nassau County (in the old common-law legal sense) of the claimed libel was pleaded and then conceded.
Even if one were to assume in arguendo that MacCormac (supra), in fact, meant what the defendants assert, this could not be a governing authority in this day and age, more than 65 years later. Today, Nassau and Richmond, while separate counties in a political sense, are nevertheless part of the same metropolitan area. The Staten Island Sunday Advance, it is true, is particularized to Richmond County in most respects, but, the effect of its publication may reach throughout the metropolitan area. Once released in a metropolitan matrix with the depth and intensity of modern electric communication, the waves of public harm cannot be limited to Richmond County. If Professor Marshall McLuhan (Understanding Media: The Extensions of Man, McGraw-Hill, Inc., 1964) is correct that communications today have turned, our earth into a global village, then surely Nassau County and Richmond County must be in the same neighborhood. The libel asserted links the plaintiff with a national crime syndicate whose activities are under investigation by the Justice Department in Washington. The whole matter is indeed so broad in scope that the attempt to invoke such a limiting and narrow rule as urged by the defendants is to disregard modern reality.
Actually, the most localized aspects of the case are the selection of jurors, the use of a local court facility and a climate of opinion in the local area in which the case is tried. The facts are that the Staten Island Sunday Advance is widely circulated in Richmond County and it is a significant voice in that community. This court cannot, in its discretion, take an action, properly brought in the county of the plaintiff’s residence, and move it, on the defendants’ motion, to an area of possible prejudice.
For these reasons, the motion is denied.