■ ROSALIE J. RYAN, Respondent, v EDWARD J. RYAN, Appellant.—The respective attorneys for the parties to this appeal from an order of the Supreme Court, Suffolk County, dated June 25, 1975, have agreed that the action be discontinued and thereupon signed a stipulation to such effect dated August 27, 1975. In accordance with the foregoing, the appeal is deemed discontinued, without costs. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.

■ THOMAS SMITH, Appellant, v VALENTINE ESTATES, INC., Respondent, et al., Defendants.—In an action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Nassau County, entered January 21, 1975, which (1) denied his motion (a) to dismiss defendant Valentine Estates, Inc.'s affirmative defense *(res judicata)* as to plaintiff's second cause of action and (b) for summary judgment on said cause of action and (2) dismissed the second cause of action. Order modified by striking therefrom everything after the words "is denied" and by adding thereto the following: "except that the motion is granted insofar as it seeks to dismiss the defense as to the second cause of action." As so modified, order affirmed, with $20 costs and disbursements to appellant. The finding of the Workmen's Compensation Board, that the Workmen's Compensation Law was not applicable because of a lack of an employer-employee relationship, did not establish that there was no violation of section 130 of the Labor Law (cf. *Vincent v Riggi & Sons*, 30 NY2d 406; *Matter of Beach v Velzy*, 238 NY 100). The finding of the Workmen's Compensation Board is conclusive as to the lack of an employer-employee relationship and the sole issue to be tried as to plaintiff's status is whether he was an independent contractor and not an employee hired in violation of section 130 of the Labor Law. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.

■ FRED TUDICO, Appellant, v LEONARD GROSSER et al., Respondents.— In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Rockland County, entered December 2, 1974, in favor of defendants, upon a jury verdict. Judgment affirmed, without costs. The record on this appeal amply supports the verdict of the jury. Rabin, Acting P. J., Latham, Cohalan and Margett, JJ., concur.

■ HERBERT B. VINES et al., Appellants, v ABRAHAM WOLLMAN et al., Defendants, and RICHARD ROSE, Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Rockland County, dated September 13, 1973, which denied their motion to vacate a prior order of the same court, entered April 25, 1973, dismissing the action. Order affirmed, with $20 costs and disbursements. Special Term was correct in disposing of the motion in the manner set forth in the order appealed from. Hopkins, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.

■ HARVEY WEISMAN et al., Respondents, v ADVANCE PUBLICATIONS, INC., Appellant.—Order of the Supreme Court, Kings County, dated August 2, 1974, affirmed, with $20 costs and disbursements *(Matter of Vallone v Power*, 35 AD2d 655; *Rae v Advance Pubs.*, 60 Misc 2d 792). Hopkins, Acting P. J., Latham, Brennan and Shapiro, JJ., concur.